Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Tel:  (503) 727-2252

Richard G. Rosenblatt (*pro hac vice* forthcoming)
richard.rosenblatt@morganlewis.com
Joseph A. Nuccio (*pro hac vice* forthcoming)
joseph.nuccio@morganlewis.com
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel:  (609) 919-6600

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LINDSEY BUERO, individually and on behalf of all similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES INC., a foreign corporation, *dba* Amazon Fulfillment Services Inc.; and AMAZON.COM INC., a foreign corporation,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446<br><br>CLASS ACTION ALLEGATION |

1-   DEFENDANTS' NOTICE OF REMOVAL

144747789.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

TO:    The Judges and the Clerk of the United States District Court for the District of Oregon:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Amazon.com Services, Inc. and Amazon.com, Inc.[1] ("Amazon" or "Defendants") hereby remove the above-entitled action from the Multnomah County Circuit Court to the United States District Court for the District of Oregon.  Removal is based on the following grounds:

## I.    PROCEDURAL BACKGROUND

On May 22, 2019, Plaintiff Lindsey Buero ("Plaintiff") filed a complaint in this action now pending in Multnomah County Circuit Court as *Lindsey Buero, individually and on behalf of all similarly situated, v. Amazon.com Services Inc., a foreign corporation dba Amazon Fulfillment Services Inc.; and Amazon.com Inc., a foreign corporation,* Case No. 19-cv-22979 (the "Complaint").  Plaintiff, a former Amazon employee who worked at one of Amazon's Oregon Fulfillment Centers, alleges primarily that she and other putative class members should be paid for time spent passing through security checkpoints after ceasing work at the end of their shifts and for meal periods.  Plaintiff alleges the following causes of action, individually, and on behalf of a proposed class:  (1) failure to timely pay wages pursuant to ORS 652.120; and (2) failure to pay all wages due upon termination pursuant to ORS 652.140.[2]  A true and correct copy of the Complaint is attached hereto as Exhibit 1.

## II.    REMOVAL IS TIMELY

Plaintiff filed their Complaint on May 22, 2019.  On May 24, 2019, Plaintiff served Defendants' Agent with copies of the Summons and Complaint.  True and correct copies of the Notice of Service of Process, Returns of Service and Summons are attached hereto as Exhibit 2. Pursuant to 28 U.S.C. § 1446(b), removal is timely because Defendants have filed this Notice of

---

[1] Amazon.com, Inc. does not have any employees and, therefore, is not a proper defendant to this litigation.  Plaintiff and the proposed putative class were employed by Amazon.com Services, Inc.

[2] Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against either of them under applicable Oregon law.

2-    DEFENDANTS' NOTICE OF REMOVAL

144747789.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Removal within thirty (30) days of service of Plaintiff's Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed for the relief sought in this action.

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiff brings this action as a putative class action. Compl. ¶ 1. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is 100 or greater; and (iii) diversity of citizenship exists between one or more plaintiffs and one or more defendants. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B). Defendants deny Plaintiff's factual allegations and deny that Plaintiff, or the class she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[3] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

#### A. The Putative Class Has More Than 100 Members.

Plaintiff asserts claims on behalf of two putative classes: "individuals employed by Defendants in Oregon as hourly employees in the six (6) years preceding" the Complaint's filing; and "individuals whose employment for Defendants in Oregon ended at any time in the three (3) year period preceding" the Complaint's filing. Compl. ¶¶ 1, 57. Pursuant to 28 U.S.C. § 1332(d)(5)(B), CAFA jurisdiction can attach if the number of members of *all* proposed plaintiff classes in the aggregate is at least 100. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff admits

---

[3] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against either of them under applicable Oregon law.

3- DEFENDANTS' NOTICE OF REMOVAL

144747789.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

that there are at least 100 individuals in the putative classes; her Complaint states, "the members of *each* of the proposed classes *exceed* 50 persons" – *i.e.*, at least 100 persons in the aggregate across both classes.  Compl. ¶ 58 (emphasis added).  Indeed, the Amazon Fulfillment Center in Oregon at which Plaintiff worked ("PDX9") employed at least approximately 4,000 persons during the applicable class period.  Compl. ¶¶ 1, 23, 24, and 25; Declaration of Shelly M. Erickson in support of the Notice of Removal ("Erickson Decl.") at ¶ 3; Declaration of Peter Nickerson in support of the Notice of Removal ("Nickerson Decl.") at ¶ 4.  Therefore, the aggregate number of putative class members is 100 or greater.

### B. Diversity of Citizenship Exists.

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant.  *See* 28 U.S.C. § 1332(d)(2); *see also United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state where she is domiciled…" *Kazemy v. BMW of N. Am., LLC*, 2014 WL 3667217, at *3 (D. Or. July 17, 2014); *see also* 28 U.S.C. § 1332(c)(1).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Courts have held that a party's residence is "prima facie" proof of that person's domicile. *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1096, 1102 (D. Or. 2012) (citing *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir.2011)); *see also Harrell v. Kepreos*, 2005 WL 730639, at *2 (D. Or. Mar. 30, 2005), *subsequently aff'd and remanded*, 175 F. App'x 793 (9th Cir. 2006).  A party with the burden of proving citizenship may rely on the

4-   DEFENDANTS' NOTICE OF REMOVAL

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

144747789.1

"presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 885 (9th Cir. 2013); *see also Cox v. Holcomb Family Ltd. P'ship,* 2014 WL 5462022, at *10 (D. Or. Oct. 26, 2014).

Plaintiff admits that she "work[ed] for Defendant[s] in Oregon." Compl. ¶ 11. Defendants' records reflect that during her employment, Plaintiff had a California residential address. Erickson Decl. at ¶ 4. The Complaint does not allege, nor do Defendants' records reflect, that Plaintiff is a citizen of any state other than Oregon or California. Defendants therefore believe, consistent with the above, that the Plaintiff was at the time of filing the Complaint, and remains at the time of this removal, a citizen of either Oregon or California.

In addition, Plaintiff's putative classes consist of employees "employed by Defendants in Oregon in the six (6) year period preceding the filing of this Complaint ('unpaid wage class') and/or whose employment for Defendants in Oregon ended at any time in the three-year period preceding the filing of this Complaint ('late-pay class')." Compl. ¶¶ 1, 57. At the time Plaintiff's Complaint was filed on May 22, 2019, multiple current Oregon Amazon hourly employees resided in Oregon, according to Amazon's payroll records. Erickson Decl. at ¶ 5. Therefore, at least one putative plaintiff class member is a citizen of Oregon for diversity jurisdiction purposes.

Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,'

5-   DEFENDANTS' NOTICE OF REMOVAL

144747789.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

and not simply an office where the corporation holds its board meetings . . . ." *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).

Defendants Amazon.com Services, Inc. and Amazon.com, Inc. are corporations organized under the laws of the State of Delaware with their principal place of business in Seattle, Washington. Declaration of Joseph A. Nuccio in support of the Notice of Removal at ¶ 2. Accordingly, Defendants are citizens of Washington and Delaware for the purpose of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different from Defendants. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A)

### C. The Amount in Controversy Exceeds $5,000,000.

Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The party seeking removal bears the burden to show the amount in controversy exceeds $5 million by a preponderance of the evidence, and *there is no presumption against removal* for cases removed under CAFA. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 550 (2014) ("no antiremoval presumption attends cases invoking CAFA, a statute Congress enacted to facilitate adjudication of certain class actions in federal court"); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[w]hether damages are unstated in a complaint, or, in the defendant's view are understated, the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged."). A removing party can establish the amount in controversy by the allegations in the complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by the plaintiff exceeds the jurisdictional minimum. *Singer v. State Farm Mut. Auto*

6- DEFENDANTS' NOTICE OF REMOVAL

144747789.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997).  If "a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

Notwithstanding the Complaint caption indicating that Plaintiff "estimated [Class Claims] to be less than $5,000,000.00" (*see* Compl.), the amount in controversy easily exceeds the sum or value of $5,000,000, exclusive of interest and costs, based on the damages that could be recovered.[4]

### 1. Plaintiff's Second Cause of Action for Failure to Timely Pay Wages Due at Termination Under ORS 652.150 Puts at Least $6,478,056 in Controversy.

Plaintiff claims that the putative class of "individuals whose employment for Defendants in Oregon ended at any time in the three (3) year period preceding" the Complaint's filing is entitled to penalties pursuant to ORS 652.150, which provides that employees may recover wages for 8 hours per day up to 30 days, if an employer willfully fails to pay all wages owing at the time of termination.  Compl. ¶ 109.  The statute of limitations for an ORS 652.150 claim is three years. *See* ORS 12.100(2).

From the date Defendants' PDX9 facility opened until February 26, 2019, the employment of at least 1,755 hourly employees at PDX9, who would fall into Plaintiff's putative

---

[4] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint.  Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member.  Defendants expressly deny that Plaintiff or any putative class member is entitled to recover any of the penalties sought in the Complaint.  In addition, Defendants deny that liability or damages can be established on a class-wide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability."  *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

7-   DEFENDANTS' NOTICE OF REMOVAL

144747789.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

class description, has ended. Nickerson Decl. at ¶ 4. The average wage per hour of those employees at the time their employment with Defendants was terminated was approximately $15.38 per hour. *Id*. at ¶ 5. Plaintiff alleges that Defendants systemically "fail[ed] to timely pay" her and the other putative class members for time passing through security screening that she alleges occurred at the start and end of work shifts and meal periods. Compl. ¶¶ 23-25, 29-35, 39-45, 51-54, and 109.

Thus, on the face of the Complaint, Plaintiff's allegations would apply to every shift worked and, therefore every putative class member who terminated his or her employment during the putative class period, because Plaintiff alleges that she and putative class members were required to pass through security at the beginning and end of every shift and meal period. Compl. ¶¶ 23, 24, and 25.

Applying the average hourly wage earned of $15.38 per hour[5] and a daily shift of eight hours, Plaintiff's cause of action under ORS 652.140 places at least $6,478,056 in controversy: (1,755 putative class members x 8 hours per work day x $15.38 per hour x 30 days = $6,478,056).

Thus, the amount in controversy well exceeds the $5 million amount in controversy requirement without even factoring in damages for Plaintiff's first cause of action (for unpaid wages).

### 2. Plaintiff's Request for Attorneys' Fees Put Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

In addition to the aforementioned penalties, and notwithstanding other relief Plaintiff seeks, Plaintiff requests the Court award attorneys' fees.[6] Compl. ¶¶ 85, 110. Defendants deny

---

[5] Applying the hourly wage Plaintiff alleges instead, $16.75 per hour (Compl. at ¶ 18), would place an even greater amount in controversy: 1,755 putative class members x 8 hours per work day x $16.75 per hour x 30 days = $7,055,100.

[6] Plaintiff seeks other damages, including but not limited to, future damages, properly calculated in the amount-in-controversy requirement. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). Defendants note the additional damages sought by

8- DEFENDANTS' NOTICE OF REMOVAL

144747789.1

Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiff's claim for attorneys' fees. However, attorneys' fees are properly included in determining the amount in controversy. *See Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) (analyzing Oregon law for rounding claims under ORS 652.150 and finding attorneys' fees and costs should be included with damages to reach CAFA's $5,000,000 minimum); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (concluding that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir.1998)).

Even though Defendants have already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Defendants note that the inclusion of attorneys' fees would add at least another $1,619,514 to the amount in controversy (25% of $6,478,056), bringing the total amount in controversy to at least $8,097,570.

For the reasons set forth above, the relief sought in the Complaint places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 135 S. Ct. at 554.

### IV. VENUE AND INTRA-DISTRICT ASSIGNMENT

Because the Complaint was filed and is currently pending in Multnomah County Circuit Court of Oregon, this District is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a). The Portland Division is the proper intra-district assignment for this action upon removal because it is the division that embraces the county where the state court action was pending. LR 3-2(b).

---

Plaintiff would operate to further increase the amount-in-controversy beyond such damages described herein.

9- DEFENDANTS' NOTICE OF REMOVAL

144747789.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## V. NOTICE

Defendants will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

Based on the foregoing, Defendants request that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is subject to removal.

DATED:  June 21, 2019                               **PERKINS COIE LLP**

By: *s/ Sarah J. Crooks*
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Tel:  (503) 727-2252

Richard G. Rosenblatt (*pro hac vice* forthcoming)
richard.rosenblatt@morganlewis.com
Joseph A. Nuccio (*pro hac vice* forthcoming)
joseph.nuccio@morganlewis.com
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel:  (609) 919-6600

*Attorneys for Defendants*

10-  DEFENDANTS' NOTICE OF REMOVAL

144747789.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury under the laws of the State of Oregon that, on June 21, 2019, they caused to be served on the person(s) listed below in the manner shown:

**DEFENDANTS' NOTICE OF REMOVAL**

Leslie E. Blaze
David A. Schuck
Schuck Law, LLC
208 E 25th St.
Vancouver, WA 98663
dschuck@wageclaim.org
lblaze@wageclaim.org

*Attorneys for Plaintiff*

☒ United States Mail, First Class
☐ By Messenger
☐ By Facsimile
☒ By E-Mail

Dated at Portland, Oregon, this 21st day of June, 2019.

By: *s/ Sarah J. Crooks*
Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Tel:  (503) 727-2252

11- CERTIFICATE OF SERVICE