Sarah J. Crooks, OSB No. 971512
SCrooks@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Tel: (503) 727-2252

Richard G. Rosenblatt (admitted *pro hac vice*)
richard.rosenblatt@morganlewis.com
Joseph A. Nuccio (admitted *pro hac vice*)
joseph.nuccio@morganlewis.com
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: (609) 919-6600

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| LINDSEY BUERO, individually and on behalf of all similarly situated,<br><br>     Plaintiff,<br><br>  v.<br><br>AMAZON.COM SERVICES, INC., a foreign corporation, *dba* Amazon Fulfillment Services Inc.; and AMAZON.COM, INC., a foreign corporation,<br><br>     Defendants. | Case No. 3:19-cv-00974-MO<br><br>**DEFENDANTS AMAZON.COM SERVICES, INC., AND AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Pursuant to Fed. R. Civ. P. 12(c)<br><br>Request for Oral Argument |

DEFENDANTS AMAZON.COM SERVICES, INC., AND AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF CONTENTS

Page

LR 7-1 CERTIFICATION .................................................................................................... 1

MOTION............................................................................................................................... 1

SUPPORTING MEMORANDUM OF LAW .......................................................................... 1

I.  INTRODUCTION ....................................................................................................... 1

II.  STATEMENT OF ALLEGED FACTS....................................................................... 3

III.  ARGUMENT .............................................................................................................. 6

  A.  The Applicable Legal Standard ..................................................................... 6

  B.  Oregon Wage and Hour Law Follows And Is Interpreted Consistently
    With Federal Law ........................................................................................... 8

  C.  Plaintiff's Claims Fail Because Passing Through Security Screening Is A
    "Concluding Activity" That Is Not "Integral And Indispensable" To The
    Work She Was Hired To Perform And Therefore Is Not Compensable
    Under Oregon Law ...................................................................................... 11

  D.  Plaintiff's Claims Fail Because Passing Through Security Screening
    Involves No Exertion And Therefore Is Not "Work."........................................ 15

  E.  Any Claim Based On Security Screening During Meal Breaks Fails
    Because Amazon Does Not "Require" Any Employee To Pass Through
    Screening When Taking Such Breaks.................................................................. 19

  F.  Plaintiff's Second Cause of Action Is Wholly Derivative of Her First
    Cause of Action and Therefore Also Fails........................................................... 20

IV.  CONCLUSION......................................................................................................... 21

DEFENDANTS AMAZON.COM SERVICES, INC., AND
AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON
THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Agnew v. United Leasing Corp.*,
2015 WL 13388299 (E.D.Va. May 20, 2015) ............................................................6

*Am. Trucking Ass'ns v. Smith*,
496 U.S. 167 (1990) ...................................................................................................17

*Anderson v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946) .........................................................................................15, 16, 17

*Armour & Co. v. Wantock*,
323 U.S. 126 (1944) ...................................................................................................16

*Arthur v. Murphy Co.*,
2013 WL 12314684 (D. Or. Dec. 20, 2013) ......................................................8, 10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .....................................................................................................7

*Ballaris v. Wacker Siltronic Corp.*,
370 F.3d 901 (9th Cir. 2004) ...............................................................................15, 16

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .....................................................................................................7

*Bennett v. SLT/TAG Inc.*,
2003 WL 23531402 (D.Or. May 8, 2003) .................................................................8

*Davis v. Laurel Medical Services Corp.*,
2018 WL 2105374 (D.Or. May 7, 2018) ...................................................................8

*Dinicola v. State, Department of Revenue*,
246 Or. App. 526 (2011) .............................................................................................8

*Dworkin v. Hustler Magazine, Inc.*,
867 F.2d 1188 (9th Cir. 1989) ....................................................................................6

*Frlekin v. Apple, Inc.*
2015 WL 6851424 (N.D. Cal. Nov. 7, 2015) ..........................................................18

ii-    DEFENDANTS AMAZON.COM SERVICES, INC., AND
AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON
THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

*Frlekin v. Apple, Inc.*,
  870 F.3d 867 (9th Cir. 2017) ...............................................................18

*Hurst v. First Student, Inc.*,
  181 F. Supp. 3d 827 (D. Or. 2016) ........................................................8

*In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*,
  2016 WL 1268296 (Mar. 31, 2016), *aff'd on other grounds*, 852 F.3d 601 (6th Cir. 2017) ...............................................................................................17

*In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*,
  852 F.3d 601 (6th Cir. 2017) ...........................................................6, 13, 14, 17

*Integrity Staffing Solutions, Inc. v. Busk*,
  574 U.S. 27, 135 S. Ct. 513 (2014) ............................................... passim

*Jadoff v. Gleason*,
  140 F.R.D. 330 (M.D.N.C. 1991) ...........................................................6

*Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers*,
  325 U.S. 161 (1945) ..............................................................................17

*Johnson v. Copiers Northwest, Inc.*,
  2017 WL 1968605 (D. Or. May 12, 2017) ...........................................21

*Leonard v. Arrow-Tualatin, Inc.*,
  76 Or. App. 120 (1985) ...................................................................10, 16

*Marshall v. Pollin Hotels II, LLC*,
  170 F. Supp. 3d 1290 (D. Or. 2016) .....................................................20

*Marshall v. Wells Capital Mgmt. Inc.*,
  2007 WL 45656164 (D. Or. Dec. 19, 2007) ..........................................21

*Oregon-Washington Plywood Co. v. Federal Trade Commission*,
  194 F.2d 48 (9th Cir. 1952) ....................................................................6

*Owens v. Kaiser Found. Health Plan, Inc.*,
  244 F.3d 708 (9th Cir. 2001) ..................................................................7

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

*Ramirez v. Lincare, Inc.*,
    2016 WL 7045599 (D.Or. Dec. 2, 2016) ...............................................................................6

*Reich v. IBP, Inc.*,
    38 F.3d 1123 (10th Cir. 1994) ......................................................................................16, 19

*Reich v. N.Y.C. Transit Auth.*,
    45 F.3d 646 (2d Cir. 1995)............................................................................................15, 16

*Shalala v. Ill. Council on Long Term Care, Inc.*,
    529 U.S. 1 (2000).................................................................................................................17

*Syncsort Inc. v. Sequential Software, Inc.*,
    50 F. Supp. 2d 318 (D.N.J. 1999) .......................................................................................6

*Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*,
    321 U.S. 590 (1944).......................................................................................................10, 16

*Weir v. Joly*,
    2011 WL 6778764 (D. Or. Dec. 23, 2011) .........................................................................20

**STATUTES**

29 U.S.C. § 203(d) ......................................................................................................................10

29 U.S.C. § 203(g) ......................................................................................................................10

29 U.S.C. § 207(a)(1) ...................................................................................................................9

29 U.S.C. § 254(a) ......................................................................................................................11

Fair Labor Standards Act ("FLSA") ................................................................................. passim

ORS 652.120................................................................................................................................9

ORS 652.140......................................................................................................................5, 9, 20, 21

ORS 652.150......................................................................................................................3, 9, 20, 21

ORS 653.010 *et seq*..............................................................................................................9, 10

ORS 653.261(1) ...........................................................................................................................9

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES

**Page(s)**

Portal-to-Portal Act (1947) ...............................................................................................11, 14, 17

**OTHER AUTHORITIES**

29 C.F.R. § 785.7 .....................................................................................................................10

29 C.F.R. § 785.11 ..............................................................................................................10, 20

29 C.F.R. §§ 785.14-17 ............................................................................................................10

29 CFR § 778.105 ......................................................................................................................9

29 CFR § 785.12 ................................................................................................................10, 20

29 CFR § 785.13 ................................................................................................................10, 20

29 CFR § 785.24 ......................................................................................................................12

Federal Rule of Civil Procedure 12(c) ...........................................................................1, 6, 17

OAR 839-020-0004(19) ...........................................................................................................10

OAR 839-020-0030(1) ...............................................................................................................9

OAR 839-020-0030(2)(a) ..........................................................................................................9

OAR 839-020-0040(2) .......................................................................................................10, 17

OAR 839-020-0040(3) .............................................................................................................20

OAR 839-020-0040(4) .............................................................................................................20

OAR 839-020-0041 ...........................................................................................................10, 17

OAR 839-020-0043 ........................................................................................................11, 12, 14

OAR 839-020-0043(1)(b) .........................................................................................................12

LR 7-1(a) ....................................................................................................................................1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LR 7-1 CERTIFICATION

In compliance with LR 7-1(a), Defendants Amazon.com Services, Inc. and Amazon.com, Inc. (collectively, "Amazon" or "Defendants") certifies that the parties have made a good faith effort through telephone conferences to resolve this dispute and have been unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(c), Amazon moves for judgment on pleadings and dismissal with prejudice of Plaintiff Lindsey Buero's (1) individual and class claim for unpaid wages under Oregon law, and (2) class claim for late payment at termination under Oregon law.  Amazon is not moving against Plaintiff's individual claim that her final paycheck was delayed (Complaint ¶¶ 46, 49, 51-52, 110).

## SUPPORTING MEMORANDUM OF LAW

## I.    INTRODUCTION

In this case, Plaintiff – on behalf of herself and a putative class – contends she is owed alleged unpaid wages and associated late payment penalties under Oregon wage and hour law for time spent walking through security screening while employed at an Amazon fulfillment center in Oregon.  Plaintiff's claim is legally untenable.

Oregon law, like the federal Fair Labor Standards Act ("FLSA"), requires overtime premium pay for employees who work in excess of 40 hours in a given workweek.  The issue of what constitutes compensable working time to count toward whether an employee has worked more than 40 hours in a workweek has been litigated frequently under the FLSA.  Under the FLSA such time is <u>not</u> compensable time worked.  *Integrity Staffing Solutions, Inc. v. Busk*,

574 U.S. 27, 135 S. Ct. 513 (2014) (time spent walking through security screening at Amazon fulfillment centers is **not** compensable working time under FLSA). This is why Plaintiff does not proceed under the FLSA.

Despite overwhelming authority that Oregon law is interpreted consistently with the FLSA, Plaintiff contends that Oregon law mandates the opposite result to how the FLSA was interpreted in *Busk*. Plaintiff is wrong for at least four reasons.

First, Oregon law and its implementing regulations clearly and explicitly mirror the FLSA's requirement that time spent before or after one's shift is not compensable unless the pre- or post-shift activity is integral and indispensable to the performance of a principal activity. The core issue here under Oregon law is the same issue that was before the Supreme Court under federal law in *Busk*: whether time spent by an employee walking through security screening at an Amazon facility after their shift ends must be counted as time worked. Plaintiff's claim fails for the same reason the *Busk* plaintiffs' FLSA claims failed: under applicable Oregon law (which explicitly mirrors federal law), time spent on "preparatory and concluding activities" like passing through security screening is *not* compensable when it is not "integral and indispensable" to the employee's work.

Second, time spent walking through security screening – whether post-shift or during meal breaks – is *not* "work" under Oregon law (or the FLSA) because it requires no exertion. Exertion is the *sine qua non* of work with the sole exception of when an employee is "engaged to wait"– which is not this case.

Third, any meal break claim by Plaintiff fails not only because walking through security is not work, but also because Plaintiff does not and cannot dispute that she was fully able to take

2-   DEFENDANTS AMAZON.COM SERVICES, INC.,
     AND AMAZON.COM, INC.'S MOTION FOR
     JUDGMENT ON THE PLEADINGS

                                                    **Perkins Coie LLP**
                                          1120 N.W. Couch Street, 10th Floor
                                               Portland, OR 97209-4128
                                                Phone: 503.727.2000
                                                 Fax: 503.727.2222

her meals in multiple on-site break rooms that she could access without walking through security – meaning that Amazon did not *require* her (or anyone) to pass through security screening when taking a meal break.

Fourth, Plaintiff's remaining claim for penalties under ORS 652.150 is wholly dependent upon and derivative of her unpaid wage claim.  Because her unpaid wage claim fails, so too does her penalties claim.

Accordingly, and as set forth more fully below, the Court should enter judgment against Plaintiff's claims in their entirety with prejudice.

## II.    STATEMENT OF ALLEGED FACTS

The crux of Plaintiff's claims – that time spent walking through security screening should be compensable (Complaint ¶¶ 29-41) – is that she was required to pass through a security screening after clocking out at the end of each shift at the Amazon fulfillment center where she worked (the "PDX9 Facility" or "PDX9").  Complaint ¶¶ 24, 33-36; Defendants' Answer and Affirmative Defenses ("Answer") ¶ 24.[1]  Plaintiff alleges this security screening included "bag 'checks' and x-ray screenings" (Complaint ¶ 35), but does not explain – and cannot refute – that:

- After clocking out at the end of their shift, Amazon employees such as Plaintiff are free to engage in personal activities, such as talking to colleagues, waiting for carpool colleagues, using a break room, using on-site phones provided by Amazon, using on-site computers and electronic entertainment devices provided by Amazon, going to lockers, or using the restroom before swiping their badge and walking through exit turnstiles to

---

[1]  Plaintiff does not and cannot dispute that PDX9 is the only Amazon facility in Oregon with security screening.

3-    DEFENDANTS AMAZON.COM SERVICES, INC., AND AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

depart the facility.  Furthermore, fulfillment center employee shift schedules are staggered such that, for any given shift end or meal break, only a portion of fulfillment center employees will be clocking out.  Answer ¶¶ 26, 35.

- Amazon provides all fulfillment center employees with on-site lockers outside the secured area where employees can leave their bags and/or other personal belongings that could set off the metal detectors, and expressly instructs employees to do so.  *Id.* at ¶ 35.

- It is undisputed – and indisputable – that workers walking through security screening choose from among nine screening lanes, each with its own metal detector.  Five of the PDX9 screening lanes are "express lanes" where employees who leave their personal belongings in those Amazon-provided lockers and/or who do not wear or carry bags or items that could set off the metal detector are able to pass through screening without stopping or even breaking stride.  Two of the other PDX9 screening lanes are "disbursement lanes" where employees who do not wear or carry bags, but who choose to wear or carry into the secured area items that could set off the metal detector, may slide such items down a slanted ramp adjacent to (not underneath) the metal detector and pick them up again after walking through the detector – typically again without stopping or breaking stride.  The remaining two screening lanes have conveyors where employees who choose to carry bags into the secured area may place those bags and other personal items for scanning via x-ray while the employee walks through screening.  *Id.* at ¶ 35.

- When an employee walking through security screening sets off a metal detector, they are directed to a secondary screening area that is only a few feet away from the security lanes; a security guard then passes a metal-detecting wand over the employee, which

process typically takes under a minute; while this secondary screening is carried out, other employees continue to pass through the security lanes without interruption. *Id.* at ¶ 35.

As to Plaintiff's assertion that she was "required … to go through a security process" for meal breaks (Complaint ¶ 25) – her Complaint does not explain or refute the indisputable fact that Amazon provides on-site break room facilities where PDX9 employees, including Plaintiff, can – and do – take their meal breaks *without* having to pass through security screening. Specifically, PDX9 has and has had throughout the entirety of its operation three break rooms (two of which are inside the secured area and accessible without having to pass through security screening), each with the same break room facilities and/or services (including but not limited to refrigerators, microwaves, "Open Market" kiosks providing food and drink, vending machines, and coffee machines). Any employee may, if he or she so chooses, take meal breaks using the internal break rooms and, in fact, many employees do so. Answer ¶ 41.

Plaintiff's remaining claims under her second cause of action are wholly derivative of her first cause of action: that her and putative class member former employees' final paychecks were "incomplete" because they did not include compensation for time spent walking through security screening. Complaint ¶¶ 40-45, 50, 53-54. Thus, Plaintiff's claim for late payment penalties under ORS 652.140 and 652.150 stands or falls with her first cause of action: her allegation that time spent walking through security screening is compensable. Complaint ¶¶ 94, 104-105, 108.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## III.    ARGUMENT

### A.    The Applicable Legal Standard

The courts analyze Rule 12(c) motions for judgment on the pleadings using the same

standard as for Rule 12(b)(6) motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192

(9th Cir. 1989). Rule 12(c) requires a court to grant judgment on the pleadings and dismiss the

complaint where, accepting the well-pleaded material facts in the Complaint and Answer as true,

the plaintiff fails to plead sufficient facts to support the relief sought. *See Oregon-Washington*

*Plywood Co. v. Federal Trade Commission*, 194 F.2d 48, 50 (9th Cir. 1952) (in motion for

judgment on the pleadings, "denials and allegations of the answer which are well pleaded are to

be taken as true") (citing *Beal v. Missouri Pacific R. Corp.*, 312 U.S. 45, 51 (1941)); *In re:*

*Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour*

*Litigation*, 852 F.3d 601, 608 (6th Cir. 2017) ("A Rule 12(c) motion is properly granted where,

accepting all the well-pleaded allegations as true, 'the moving party is nevertheless clearly

entitled to judgment'"); *Jadoff v. Gleason*, 140 F.R.D. 330, 331-32 (M.D.N.C. 1991) (on

defendant's Rule 12(c) motion, allegations in answer that "have not been denied or do not

conflict with the complaint" are taken as true) (citing cases); *Agnew v. United Leasing Corp.*,

2015 WL 13388299, at *4 (E.D.Va. May 20, 2015) (same); *Syncsort Inc. v. Sequential Software,*

*Inc.*, 50 F. Supp. 2d 318, 330 (D.N.J. 1999) ("[a]ccepting as true all factual allegations contained

in the Answer" on defendant's Rule 12(c) motion); *see also Ramirez v. Lincare, Inc.*, 2016 WL

7045599, at *2 (D.Or. Dec. 2, 2016) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

*Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). "A judgment on the pleadings is properly granted

when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a

matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Although a court does not analyze the probability of actual proof of the complaint's allegations on a motion to dismiss, a plaintiff still must allege enough factual matter (taken as true) to suggest the required elements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). In reaffirming the *Twombly* "plausibility" standard, the United States Supreme Court made clear that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). When a plaintiff's own allegations fail to state a claim, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (quotations and citations omitted).

The Court is not bound by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and the Court need not credit a Plaintiff's "bald assertions," or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Twombly*, 550 U.S. at 558 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678. In addition, "[w]hile legal conclusions can provide the framework of a complaint, they must be **supported by factual allegations**." *Iqbal*, 556 U.S. at 679 (emphasis added).

**B.    Oregon Wage and Hour Law Follows And Is Interpreted Consistently With Federal Law.**

Plaintiff's state law claim asks this court to assume a sharp break between Oregon wage and hour law and the FLSA on whether time spent walking through security screening is compensable work.  But no such break exists.  Rather, Oregon law mimics the FLSA.

Legions of courts have agreed that Oregon wage and hour laws "essentially mirror the FLSA requirements" and are analogous to the FLSA.  *Bennett v. SLT/TAG Inc.*, 2003 WL 23531402, at *10 (D.Or. May 8, 2003); *see also, e.g., Dinicola v. State, Department of Revenue*, 246 Or. App. 526, 544 (2011) (finding Oregon wage and hour law relevant to overtime claims "is modeled on the FLSA"); *Davis v. Laurel Medical Services Corp.*, 2018 WL 2105374, at *2 (D.Or. May 7, 2018) (evaluating Oregon state and federal overtime claims "under the same legal standards") (citing *Nkrumah v. City of Portland*, 261 Or. App. 365, 381 (2014); *Hurst v. First Student, Inc.*, 181 F. Supp. 3d 827, 836 (D. Or. 2016) ("Courts should look to federal law in interpreting and applying" Oregon wage and hour law, which is "modeled after the FLSA") (citing *Cejas Commercial Interiors, Inc. v. Torres-Lizama*, 260 Or. App. 87, 97-103 (2013)). "Because the Oregon wage laws were patterned after the [FLSA], federal decisions interpreting the FLSA are persuasive authority for interpreting Oregon's wage and hour laws."  *Arthur v. Murphy Co.*, 2013 WL 12314684, at *3 (D. Or. Dec. 20, 2013) (citing *Northwest Advancement, Inc. v. State of Oregon Bureau of Labor, Wage and Hour Division*, 96 Or. App. 133, 136-37 (1989)).

Even if Plaintiff can search for and even find some differences between federal and Oregon wage and hour law in other areas, she cannot do so when it comes to the issue of whether walking through a security screening mechanism post-shift is compensable.  There is nothing

8-    DEFENDANTS AMAZON.COM SERVICES, INC., AND AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

contained in Oregon wage and hour law, its implementing regulations, its legislative history, or any public policy that suggests that the Oregon legislature intended its definition of "work," "work time," and "hours worked" to dramatically depart from the same terms and concepts in the FLSA, the very law after which Oregon law was modeled.  It is beyond doubt that if the legislature so intended, there would be some trace of that intent found somewhere.  But there is no such trace in the fifty-two to sixty-two years since the Oregon wage and hour laws Plaintiff relies upon were enacted in 1957 (ORS 652.140 and 150), 1961 (ORS 652.120), and 1967 (ORS 653.010 *et seq*.).

Rather, Oregon law and its implementing regulations invoke virtually identical language as the FLSA to define numerous other fundamental wage and hour concepts.  For example, Oregon mirrors the FLSA in requiring payment of overtime compensation when an employee's hours worked exceed forty in any given "work week."  *Compare* 29 U.S.C. § 207(a)(1) ("[n]o employer shall employ any of his employees … for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [those hours] at a rate not less than one and one-half times the [regular hourly] rate at which he is employed") with OAR 839-020-0030(1) ("all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay … pursuant to ORS 653.261(1)").  Oregon law and the FLSA also define "work week" identically.  *Compare* 29 CFR § 778.105 ("An employee's workweek is a fixed and regularly recurring period of 168 hours – seven consecutive 24-hour periods.  It need not coincide with the calendar week but may begin on any day and at any hour of the day") with OAR 839-020-0030(2)(a) (defining "work week" as "any seven (7) consecutive twenty four (24) hour period as determined by the

9-  DEFENDANTS AMAZON.COM SERVICES, INC.,
AND AMAZON.COM, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS

employer").  Oregon also defines "employ" and "employee" in the same manner as the FLSA.
*Compare* ORS 653.010(2), (3) with 29 U.S.C. §§ 203(d), (g).  Oregon further mirrors the FLSA
in defining the concepts of "hours worked" and "suffered or permitted to work."  *Compare* OAR
839-020-0004(19) with 29 C.F.R. §§ 785.7, 11-13.  The concept of "work time" under Oregon
law (*see*, *e.g.*, ORS 653.010(11)) is also derived from FLSA provisions on "work time" or
"working time."  *Compare*, *e.g.*, 29 C.F.R. § 785.11 ("Work not requested but suffered or
permitted is work time") with OAR 839-020-0040(2) ("Work not requested, but suffered or
permitted is considered work time")).  Oregon further defines "work time" as a subset of "hours
worked" – yet another Oregon wage and hour concept that mirrors the FLSA (*compare* OAR
839-020-0004(19) with 29 C.F.R. §§ 785.7, 11-13) – and as limited to time worked or
"authorized," which Oregon courts define as "required or controlled by the employer" in keeping
with the Supreme Court's interpretation of "work" under the FLSA.  *Leonard v. Arrow-Tualatin,
Inc.*, 76 Or. App. 120, 124 (1985) (following *Tennessee Coal, Iron & R. Co. v. Muscoda Local
No. 123*, 321 U.S. 590, 598 (1944)) (cited in *Arthur*, 2013 WL 12314684, at *4).  Oregon also
uses the FLSA's definition of "waiting time," including its dichotomy between employees who
are "engaged to wait" and therefore on duty, and those who are "waiting to be engaged" and
therefore off duty (*cf.* OAR 839-020-0041 *with* 29 C.F.R. §§ 785.14-17).  These are but some of
the many ways that Oregon law mirrors the FLSA, leading courts to construe the two in tandem.

Because Oregon law and the FLSA are substantially similar on the subjects of "work,"
"work time," "workweek," and "hours worked," it follows that Oregon courts will look to federal
law to determine whether such work is "compensable."  *See Arthur*, 2013 WL 12314684, at *3
(citing *Northwest Advancement*, 96 Or. App. at 136-37).  Applying those principles, it is clear

10- DEFENDANTS AMAZON.COM SERVICES, INC.,
AND AMAZON.COM, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

that Plaintiff's claim fails and the act of walking through security is not compensable working time.

### C. Plaintiff's Claims Fail Because Passing Through Security Screening Is A "Concluding Activity" That Is Not "Integral And Indispensable" To The Work She Was Hired To Perform And Therefore Is Not Compensable Under Oregon Law.

Oregon's Bureau of Labor and Industries has enacted an implementing regulation that directly addresses – and effectively rejects – Plaintiff's claim. Specifically, OAR 839-020-0043, squarely addresses "preparatory and concluding activities" and mirrors federal law to dispose of Plaintiff's security screening claims.[2] Accordingly, those claims must be dismissed.

Per OAR 839-020-0043, "[p]reparatory and concluding activities are considered hours worked" only if "the activities performed by the employee are an integral and indispensable part of a principal activity for which the employee is employed." This regulation uses the same terminology ("integral and indispensable," "principal activity") as the FLSA (as clarified by the Portal-to-Portal Act). Under federal law, principal activities – including "all activities which are an 'integral and indispensable part of the principal activities'" – are compensable, but "activities which are preliminary to or postliminary to [an employee's] principal activity or activities" are not compensable. *Busk*, 126 S.Ct. at 517; 29 U.S.C. § 254(a). Oregon's clear intention of following federal law on this point is further reflected in one of the examples presented in the Oregon regulation, which is the same example presented in the federal regulations. *Compare*

---

[2] While Plaintiff alleges she passed through security screening both after *and before* her scheduled shifts (*see* Complaint ¶¶ 23-24), in fact Amazon does not require *anyone* to pass through screening before their shifts when entering the secured area of the facility. Answer ¶ 23. Nor would such pre-shift screening make sense when, as Plaintiff alleges, the purpose of screening is to deter theft. Complaint ¶ 36. In any event, any claim based on such fabricated and hypothetical "pre-shift screening" would fail for the same reasons as Plaintiff's post-shift screening claim.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

OAR 839-020-0043(1)(b) ("Example: In connection with the operation of a lathe, the lathe

operator oils, greases, or cleans the machine or installs a new cutting tool.  Such activities are an

integral and indispensable part of a principal activity and are included as hours worked") with

29 CFR § 785.24 (stating, under the heading "Preparatory and Concluding Activities," this

example:  "In connection with the operation of a lathe, an employee will frequently, at the

commencement of his workday, oil, grease, or clean his machine, or install a new cutting tool.

Such activities are an integral part of the principal activity, and are included within such term").

Because OAR 839-020-0043 mirrors federal law, Oregon courts interpreting this

regulation will follow federal courts' interpretation of the FLSA and its regulations.  *See supra*,

Part II.B.  Here, the United States Supreme Court has already explained in *Busk* how to apply the

FLSA and its regulations to the present facts.  In *Busk*, the Court unanimously held that workers

at an Amazon facility are not engaged in compensable activity under this standard when passing

through security screening after their shift, and that reasoning applies equally to Plaintiff's

claims:

- "The security screenings at issue here … were not the 'principal activity or activities

  which [the] employee is employed to perform'" because the *Busk* plaintiffs were not

  "employ[ed] … to undergo security screenings."  *Busk*, 126 S.Ct. at 518.  The same is

  true here.  Plaintiff was not "employed to undergo security screenings" but rather was

  employed on the PDX9 Transportation, Organization, and Maintenance team.  Answer

  ¶ 17.  The mere fact that security screening could deter and detect theft – just like the

  screening at issue in *Busk* (*see* 126 S.Ct. at 515-16) – does not make the "prevention of

  theft" a job duty of all PDX9 employees.  *See* Answer ¶¶ 37-38.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

- "The security screenings also were not 'integral and indispensable' to the employees' duties" because they are not "an intrinsic element" of the *Busk* plaintiffs' principal activities, nor were they an activity "with which the employee cannot dispense if he is to perform those [principal] activities." *Busk*, 126 S.Ct. at 518.  Again, the same is true here.  Plaintiff does not and cannot reasonably allege that her passing through an alleged anti-theft security screening is somehow an intrinsic or indispensable element of carrying out her work for Amazon.

Plaintiff's allegations that Amazon "required employees to go through a security process" during which they had to "remain on the premises" (Complaint ¶¶23, 34) do not salvage her claims.  Given the Supreme Court's decision in *Busk*, it is plain that workers are not entitled to compensation for all the time they spend under an employer's roof – otherwise *Busk* would have been wrongly decided.  To hold otherwise would yield absurd results never before contemplated under Oregon law.  Consider time spent by employees who work on the top floors of an office building.  They often must wait in crowded elevator banks for an elevator at the beginning and end of the day to get to and from work.  They even sometimes must wait for another elevator if one is too crowded.  Even if the employees are required to be on the employer's premises during this time, no one ever has suggested it is compensable under Oregon law.  Plaintiff cannot explain why being on the premises of the employer should be treated differently for the passive activity of passing through a security screening apparatus.

Rather than permit Plaintiff to proceed with her irredeemably flawed claims, this Court should instead follow the model of the Court of Appeals for the Sixth Circuit in affirming dismissal of the same claims under Kentucky law in *In re: Amazon.com, Inc., Fulfillment Center*

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, 852 F.3d 601 (6th Cir. 2017)

("*Vance*").  In *Vance*, as here, the plaintiffs sought overtime pay under Kentucky law for time

spent walking through security screening at Amazon fulfillment centers – arguing that such state

law deviated from the FLSA.  In particular, as here, the *Vance* plaintiffs argued that Kentucky

wage and hour law does not incorporate the federal Portal-to-Portal Act – the amendment to the

FLSA at issue in *Busk* that clarified that compensable work under the FLSA was never intended

to include "preliminary" or "postliminary" activities.  *Vance*, 852 F.3d at 607-610.  The *Vance*

court recognized, however, that Kentucky's wage and hour law, like Oregon law, is an "analogue

to the Fair Labor Standards Act."  *Vance*, 852 F.3d at 610.  Applying the same canon of statutory

construction found in Oregon law, the *Vance* court further noted that when a state statute is

"similar to a Federal Act, its language will normally be interpreted consistent with federal law,"

absent some "distinct structural difference" between the two and "clear indication that the [state

legislature] … deliberately rejected" such federal law and interpretation.  *Id.* at 610, 612-13

(internal quotations omitted).  Accordingly, the *Vance* court held that, because Kentucky

overtime regulations were "substantially similar to their federal equivalents" and "there is no

state case law on point," Kentucky courts would "rel[y] on federal decisions to aid in their

application [of state law]" and therefore concluded that Kentucky wage and hour law

incorporated the Portal-to-Portal Act amendments to the FLSA.  *Id.* at 615.[3]

---

[3]  Nor can Plaintiff here even advance the argument (that was rejected in *Vance*) that applicable
state laws are silent about whether the state adopts the language of the Portal-to-Portal Act.
Here, OAR 839-020-0043 does exactly that:  it clearly and explicitly incorporates the
preliminary/postliminary and integral/indispensable concepts into Oregon state law.

Furthermore, such an argument defies logic.  If that were the case, Oregon employers assuredly
would have faced the same rash of unanticipated litigation and liabilities that prompted
Congress to enact the Portal-to-Portal Act to retroactively clarify that the definition of "work"

14-  DEFENDANTS AMAZON.COM SERVICES, INC.,
AND AMAZON.COM, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS

As explained *supra*, Section II.B, Oregon courts apply the same principles of statutory construction on which the Sixth Circuit relied in *Vance*: when a state statute is analogous or similar to federal law, look to federal interpretation absent some clear and explicit structural difference. The same analytical approach used in *Vance* under Kentucky law applies equally here as to Oregon law, and compels the same result: judgment against Plaintiff's claims.

### D.    Plaintiff's Claims Fail Because Passing Through Security Screening Involves No Exertion And Therefore Is Not "Work."

Although the foregoing arguments suffice to reject Plaintiff's claims, those claims also fail for an independent fundamental reason – time spent walking through security is not "work" that must be counted toward overtime. Specifically, Plaintiff does not and cannot plead that the activity of walking through security requires any level of exertion. Because "work" must involve exertion under Oregon state law[4] (absent the specific exception of an "engaged to wait" scenario), all of Plaintiff's claims should be dismissed.

---

under the FLSA was never intended – from the initial adoption of the FLSA – to mandate compensation for preliminary and postliminary activities not integral and indispensable to the performance of a work activity. Congress did so by abrogating the U.S. Supreme Court decision in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), insofar as that decision mistakenly endorsed an overly broad definition of "work." *Vance*, 852 F.3d at 613-14. The fundamental flaw in this argument's reasoning – consistent with the Sixth Circuit's decision in *Vance* – is that there is no reason for a state legislature to explicitly adopt a baby-Portal-to-Portal Act to abrogate Supreme Court precedent dating back to 1946 when, in 1947, the U.S. Congress already abrogated that precedent. *See Vance*, 852 F.3d at 612 (given the "context" that Kentucky wage and hour law was enacted "decades after Congress enacted the 1947 Portal-to-Portal Act," "it does not automatically follow that the [state] legislature meant anything" by a "departure by omission" from the FLSA "absent a clear indication that the [state legislature] considered the [Portal-to-Portal Act] and deliberately rejected it"). In other words, *Anderson*, having been abrogated insofar as defining "work" to include all time on an employer's premises, is, effectively, a nullity *ab initio*, and there would have been no reason for a state legislature to abrogate it again by parroting the words of the Portal-to-Portal Act. There was nothing left to abrogate.

[4] Amazon recognizes that the Ninth Circuit found in *Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 910-11 & n.13 (9th Cir. 2004), that "work" under the FLSA need not require exertion. *Ballaris* expressly contravenes the Second and Tenth Circuits (*see Reich v. N.Y.C. Transit Auth.*, 45 F.3d 646, 651 (2d Cir. 1995) (holding that police-dog handlers were not

---

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The basic definition of "work" under the FLSA and Oregon law comes from the Supreme Court's judicial interpretation in *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944).  In that case, the Court defined "work" as requiring exertion: "***physical or mental exertion*** (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." (emphasis supplied) (most recently reaffirmed in *Busk*, 135 S.Ct. at 517); *see also Leonard.*, 76 Or. App. at 124 (adopting *Tennessee Coal* definition of "work"); *Anderson*, 328 U.S. at 691-92 (adhering to *Tennessee Coal* definition of "work").

The only exception to this definition is the so-called "engaged to wait" scenario – as opposed to time spent "waiting to be engaged," which remains non-compensable.  Specifically, in *Armour & Co. v. Wantock*, 323 U.S. 126 (1944), the United States Supreme Court identified the engaged-to-wait scenario – or "refraining from other activity [as] a factor of instant readiness to serve," *id.* at 133 – as a "limitation or variation" of the general exertion requirement (which that same Court announced a mere nine months earlier in *Tennessee Coal*).  While *Armour* provides "[t]hat inactive duty *may be* duty," *Armour*, 323 U.S. at 124 (emphasis added), "may" is far different than "is."  Nor did the Supreme Court in *Armour* remotely suggest that it had overruled *Tennessee Coal* (decided only 9 months earlier) without saying it was doing so, especially where subsequent decisions have repeatedly reaffirmed *Tennessee Coal*'s exertion

---

working during their commute where the commute did not involve exertion); *Reich v. IBP, Inc.*, 38 F.3d 1123, 1125-26 & n.1 (10th Cir. 1994) (holding that donning and doffing of standard safety equipment was not work because it did not involve exertion)) and, Amazon respectfully submits, ignores *Tennessee Coal*.  In any event, *Ballaris* did not address Oregon state law and is not relevant here because Oregon adopts the *Tennessee Coal* definition of "work" in its entirety – *including* its exertion requirement.  *See Leonard*, 76 Or. App. at 124.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

requirement.  *See, e.g.*, *Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers*, 325 U.S. 161, 163-66 (1945); *Anderson*, 328 U.S. at 691-92.[5]

In similarly entering judgment on the pleadings against the plaintiffs pursuant to Fed. R. Civ. P. 12(c), the district court in *Vance* recognized that the engaged-to-wait exception does not swallow the long-established rule that exertion is generally required.  Specifically, the district court observed:

> Though the Court agrees that there certainly are jobs where waiting is an integral part of the work, the Court disagrees that this case presents such a job.  Jobs like firefighting and stenography have necessary down periods.  And so, workers who have those types of jobs are compensated to wait:  They are paid to be on call so that, when the primary tasks they are paid to do arise, they will be available to do the work that needs to be done.  Here, though, the workers are not being paid to wait around for their next task.  These workers have already completed their tasks for the day—the jobs they are paid for—and are just waiting to go home.

*In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, 2016 WL 1268296, at *3 (Mar. 31, 2016), *aff'd on other grounds*, 852 F.3d 601 (6th Cir. 2017).

Oregon regulations are on all fours with federal law on this point.  For example, Oregon's regulation addressing "on-call time" expressly distinguishes between an "engaged to wait" scenario – where the on-call employee is "unable to use the time effectively for the employee's own purposes" and thus must be compensated for their waiting time – and a "waiting to be engaged" scenario, which is not compensable.  OAR 839-020-0041.[6]  The employee who is

---

[5] *See also*, *e.g.*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 18 (2000) (the Court "does not normally overturn, or so dramatically limit, earlier authority *sub silentio*"); *Am. Trucking Ass'ns v. Smith*, 496 U.S. 167, 190 (1990) (refusing to "*sub silentio* overrul[e]" precedent).

[6] Oregon's regulation on "hours worked – generally" also mirrors analogous FLSA regulations on employees being "suffered or permitted" to work.  *Compare* OAR 839-020-0040(2) ("Work

17-  DEFENDANTS AMAZON.COM SERVICES, INC.,
AND AMAZON.COM, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

"engaged to wait" is merely an *exception* to that general rule requiring exertion, on the theory that they are paid to wait to spring into activity. That exception does not apply here.

Walking through security screening is undeniably a passive, non-exertive, non-productive activity and Plaintiff does not plead otherwise. In this regard, the recent decision in *Frlekin v. Apple, Inc.*, 2015 WL 6851424 (N.D. Cal. Nov. 7, 2015) (*app. pending*), is relevant. *Frlekin* addressed the California definition of compensable time, which is, in part, expressly different from the FLSA (and Oregon law). Specifically, California follows a two-prong test. Time is compensable if an employee (1) is "subject to the control" of the employer **or** (2) "suffered or permitted *to work*." In addressing the second prong, Judge Alsup of the Northern District of California held that time spent submitting to a bag check in an Apple retail store was a "passive activity" that does not meet the definition of "work" under California law. *Id.* at \*9-\*11.[7] That same conclusion applies here.

---

requested or required is considered work time. Work not requested, but suffered or permitted is considered work time") and OAR 839-020-0040(3) ("Work performed for the employer but away from the employer's premises or job site is considered work time. If the employer knows or has reason to believe that work is being performed, the time spent must be counted as hours worked") with 29 CFR § 785.11 ("Work not requested but suffered or permitted is work time … [if t]he employer knows or has reason to believe that [an employee] is continuing to work [then] the time is working time") and 29 CFR § 785.12 ("The rule is also applicable to work performed away from the premises or the job site, or even at home. If the employer knows or has reason to believe that the work is being performed, he must count the time as hours worked"); OAR 839-020-0040(4) ("It is the duty of the employer to exercise control and see that the work is not performed if it does not want the work to be performed. The mere promulgation of a policy against such work is not enough" *with* 29 CFR § 785.13 ("In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed … The mere promulgation of a rule against such work is not enough").

[7] On appeal, the Ninth Circuit certified the question of whether time spent in a bag check is compensable to the California Supreme Court. *Frlekin v. Apple, Inc.*, 870 F.3d 867, 869 (9th Cir. 2017). Note, however, that the issue of whether the bag checks are "subject to the control" of the employer is a question unique to California law and, therefore, has no bearing on this case. Amazon cites *Frlekin* only for the proposition that bag checks are a passive activity that does not meet the definition of "work," a common term under the FLSA and California and Oregon law.

---

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The fact is that everyone must walk out of the fulfillment center at the end of the shift. Those employees who heed Amazon's instruction to leave in their lockers all bags and personal belongings that may set off the metal detector can walk through screening without breaking stride by using the express lanes.  Answer ¶¶ 26, 35.  Those employees who leave bags in a locker but choose to carry or wear personal belongings that may set off the metal detector can still walk through screening without breaking stride by using the disbursement lanes and sliding those personal items down the slanted ramp outside the detectors.  Those employees who choose to bring a bag through security may see their gait slowed down as their bag passes through x-ray screening, and those employees who set off a metal detector may have to pause briefly as a security guard waves a metal detecting wand over their person; but their only "exertion" remains the passive acts of walking out (which they must do anyway) and, perhaps, briefly waiting.  *See Reich v. IBP, Inc.*, 38 F.3d at 1125-26 & n.1 (holding that donning and doffing standard safety equipment was "not work" under the *Tennessee Coal* test because it involved no material physical or mental exertion and thus was "not work at all").  As exertion is a *sine qua non* of work under Oregon law, this Court can and should dismiss Plaintiff's claims for failure to plead exertion.

E.    **Any Claim Based On Security Screening During Meal Breaks Fails Because Amazon Does Not "Require" Any Employee To Pass Through Screening When Taking Such Breaks.**

To the extent Plaintiff claims that alleged security screening time before and after *meal breaks* is compensable – *see* Complaint ¶ 25[8] – Plaintiff's claim also fails because Amazon does

---

[8]  Again, Amazon does not require anyone to pass through screening when *entering* the secured area of the facility – meaning that employees who choose to leave the secured area during meal breaks will not pass through screening on their return.  Answer ¶ 25.  Nor would such screening make sense when, as Plaintiff alleges, the purpose of screening is to deter theft.

19-  DEFENDANTS AMAZON.COM SERVICES, INC., AND AMAZON.COM, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

not *require* any employee to pass through screening during their meal breaks.  Plaintiff does not

and cannot dispute that she, like all PDX9 employees, was able to take her meal breaks in on-site

break room facilities provided by Amazon, completely free from all work responsibilities,

*without* having to pass through security.  Answer ¶ 25.  She does not allege otherwise, nor could

she do so.

Amazon's sole meal break obligation under Oregon law is to "provide" an uninterrupted

30-minute meal break during which associates are relieved of all duties.  *Weir v. Joly*, 2011 WL

6778764, at *7 (D. Or. Dec. 23, 2011).  Amazon fulfills that requirement with its on-site, inside-

security break room areas.  Neither Plaintiff nor any other employee can convert such a meal

break into compensable time by voluntarily choosing to shorten it – whether by passing through

(allegedly compensable) security screening or otherwise.  *See Marshall v. Pollin Hotels II, LLC*,

170 F. Supp. 3d 1290, 1300 (D. Or. 2016) ("To require an employer to police when an employee

clocks in and out would be an unreasonable burden on the employer.  The outcome would be an

employee who could take a proper meal break, but then demand that it [be] paid simply by

clocking in early").  Accordingly, any meal break claim by Plaintiff fails.

### F.    Plaintiff's Second Cause of Action Is Wholly Derivative of Her First Cause of Action and Therefore Also Fails.

Finally, Plaintiff's second cause of action for penalties under ORS 652.150 – aside from

her individual claim that her final paycheck was delayed, *see supra* at 1, on which Amazon does

not move – is wholly derivative of her first cause of action for unpaid wages under

ORS 652.140.  Because her first cause of action fails, her second must likewise be dismissed.

---

Complaint ¶ 36.  In any event, any claim based on such fabricated and hypothetical "post-meal break screening" would fail for the same reasons as any pre-meal break screening claim.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*See*, *e.g.*, *Johnson v. Copiers Northwest, Inc.*, 2017 WL 1968605, at *4 (D. Or. May 12, 2017) (ORS 652.150 claim is "dependent on and derivative of" claim for unpaid wages); *Marshall v. Wells Capital Mgmt. Inc.*, 2007 WL 45656164, at *8 (D. Or. Dec. 19, 2007) ("Because I recommend that the ORS 652.140 claim be dismissed, I recommend that the ORS 652.150 claim be dismissed as well").

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that the Court enter judgment against Plaintiff on all claims described herein.


DATED: August 14, 2019          Respectfully submitted,


                                **PERKINS COIE LLP**

                                By: *s/ Sarah J. Crooks*
                                    Sarah J. Crooks, OSB No. 971512
                                    SCrooks@perkinscoie.com
                                    1120 N.W. Couch Street, Tenth Floor
                                    Portland, OR  97209-4128
                                    Tel: (503) 727-2252

                                    Richard G. Rosenblatt (admitted *pro hac vice*)
                                    richard.rosenblatt@morganlewis.com
                                    Joseph A. Nuccio (admitted *pro hac vice*)
                                    joseph.nuccio@morganlewis.com
                                    502 Carnegie Center
                                    Princeton, NJ 08540-6241
                                    Tel: (609) 919-6600

                                *Attorneys for Defendants*


21-  DEFENDANTS AMAZON.COM SERVICES, INC.,
     AND AMAZON.COM, INC.'S MOTION FOR
     JUDGMENT ON THE PLEADINGS

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222