**David A. Schuck,** OSB 993564, WSB 37285
E-Mail: dschuck@wageclaim.org
**Stephanie J. Brown**, OSB 030019, WSB 42030
E-Mail: sbrown@wageclaim.org
**Leslie E. Baze**, OSB 103326, WSB 45781
E-Mail: lbaze@wageclaim.org
**SCHUCK LAW, LLC**
208 E 25th Street, Vancouver, WA 98663
Tel (360) 566-9243 Fax (503) 575-2763
Attorneys at Law

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LINDSEY BUERO**, individually and on behalf of all similarly situated,<br><br>        **Plaintiff**,<br><br>  v.<br><br>**AMAZON.COM SERVICES INC.,** a foreign corporation, *dba* Amazon Fulfillment Services Inc.; and **AMAZON.COM INC.,** a foreign corporation,<br><br>        **Defendants**. | Case No. 3:19-cv-00974-MO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Oral Argument Requested** |

**TABLE OF CONTENTS**

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A. Portal-to-Portal Act Does Not Apply to Oregon State Wage and Hour Laws . . . . 1

    B. Case Law Shows Differences Between Oregon Law and the FLSA . . . . . . . . . . . 5

    C. Exertion Is Not A Requirement of "Work Time" . . . . . . . . . . . . . . . . . . . . . . . . 11

    D. Derivative Nature of Plaintiff's Late Pay Claim . . . . . . . . . . . . . . . . . . . . . . . . 13

    E. Plaintiff's Meal Period Claim Does Not Fail . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        1. BOLI Places the Burden on the Employer . . . . . . . . . . . . . . . . . . . . . . . . . 18

        2. The Court Should Not Rely on *Weir* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

        3. Leave to Amend Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    F. BOLI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**Cases**

*Alvarez v IBP, Inc.,* 339 F3d 894 (9th Cir 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Anderson v Mt Clemens Pottery*, 328 US 680 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 12

*Armour & Co. v Wantock,* 323 US 126 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Arthur v Murphy Co.,* 10-3142, 2013 WL 12314684 (D OR 12/20/2013) . . . . . . . . . . . . . 10

*Ashcroft v Iqbal,* 556 US 662, 129 S. Ct. 1937 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bronson v Moonen*, 270 Or 469 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

*Burk v Autozone Inc.,* Multnomah County no 1005-06771 (2012) . . . . . . . . . . . . . . . . . . . . 20

*Cejas v Torres-Lizama,* 260 Or App 87 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Chavez v United States.,* 683 F3d 1102 (9th Cir 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Clausing v K-Mart Corp.*, 144 Or App 552 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Concrete Cutting Co. v Clevenger*, 191 Or App 157 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cook, Perkiss & Liehe v N. Cal. Collection Service*, 911 F2d 242 (9th Cir 1990) . . . . . . . . 22

*Davis v Laurel Medical Services Corp*, 3:16-cv-1973 2018
    WL 2105374 (D OR 5/7/2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dincola v State Dept. Rev.*, 246 Or App 526 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Doe v United States*, 58 F3d 494 (9th Cir 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Don't Waste Oregon Com. v Energy Facility Siting Counsel,* 320 OR 132 (1994) . . . . . . . 18

*Foman v Davis,* 371 US 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Hurst v First Student Inc.,* 181 FSupp3d 827 (D OR 2016) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Integrity Staffing v Busk*, 574 US 27 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7

*Lamy v Jack Jarvis & Company Inc.*, 281 Or 307 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Leonard v Arrow-Tualatin Inc.*, 76 Or App 120 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*Lopez v Smith*, 203 F3d 1122 (9th Cir 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Margulies v Tri-Met*, 3:13-cv-00475 (D OR 7/2/2015) . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 9, 10

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

*Maza v Waterford et al,* Oregon CoA case no. A165030 . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Migis v Autozone Inc,* 282 Or App 774 (2016) *ad'hd on recon* 286 Or App 357
    *rev den* 362 Or 300 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 11, 12

*Nkrumah v City of Portland,* 261 Or App 365 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Northwest Advancement v BOLI,* 96 Or App 133, *rev den* 308 Or 315 (1989)
    *cert den* 495 US 932 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*PGE v BOLI*, 317 Or 606 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 9, 20

*Pit River Tribe v Bureau of Land Mgmt.,* 793 F3d 1147 (9th Cir 2015) . . . . . . . . . . . . . . 13

*Powell's Books Inc. v Kroger,* 622 F3d 1202 (9th Cir 2010) . . . . . . . . . . . . . . . . . . . . . . . 4

*Rutherford Food Corp v McComb,* 331 US 722 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Shea v Chicago Pneumatic Tool Co.,* 164 Or App 198 (1999) . . . . . . . . . . . . . . . . . . . . . . 10

*Siporen v City of Medford,* 349 Or 247 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Skidmore v Swift,* 323 US 134 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stanely v Smith,* 15 Or 505 (1887) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*State v Gaines*, 346 Or 160 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 20

*Tenn. Coal, Iron & R. Co. v Muscoda Local No. 123*, 321 US 590 (1944) . . . . . . . 4, 8, 10, 11

Weir v Joly, case no. 10-CV-898-HZ, 2011 WL 6778764 (D Or 12/23/2011) . . . . . . . . . . . 20

**Rules**

29 CFR 785.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

OAR 839-020-0004(19) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5, 6

OAR 839-020-0040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

OAR 839-020-0040 (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

OAR 839-020-0040 (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

OAR 839-020-0040 (4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

OAR 839-020-0043 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

OAR 839-020-0043 (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

OAR 839-020-0050 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17, 18, 20, 21

OAR 839-020-0050 (1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

OAR 839-020-0050 (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14, 16

OAR 839-020-0050 (2)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

OAR 839-020-0050 (2)(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 18, 20, 21

OAR 839-020-0050 (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

ORCP 32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**Statutes**

29 USC 254 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

ORS 174.010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ORS 183.482(8)(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ORS 652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ORS 652.120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ORS 652.140 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ORS 652.150 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ORS 653 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ORS 653.010 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

ORS 653.010(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 20

ORS 653.010(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

ORS 653.045 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Other Authorities**

Merriam Webster Dictionary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 11

---

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

## Introduction

Defendants argue that Oregon law mirrors the FLSA and the Portal-to-Portal Act and should be interpreted by following the US Supreme Court's decision in *Integrity Staffing v. Busk,* 574 U.S. 27 (2014). Defendants are wrong because Oregon never adopted the Portal-to-Portal Act and implemented a separate statute defining "work time" which requires employers to pay for "time of authorized attendance." ORS 653.010(11). There is no similar statute under the FLSA. Further, Oregon's "hours worked" definition, which incorporates "time of authorized attendance" requires wages be paid where an employee is required to be on employer premises.

## Argument

### A.       Portal-to-Portal Act does not apply to Oregon State wage and hour laws

Plaintiff's wage claims are alleged under only Oregon State wage and hour statutes – not any federal law, including the Fair Labor Standards Act ("FLSA") and Portal-to-Portal Act, 29 USC 254.[1] Defendants seek to have the Portal-to-Portal Act as applicable to the FLSA and Supreme Court decision in *Integrity Staffing Solutions v. Busk*, 574 U.S. 27 (2014) apply to Oregon State wage and hour laws. Defendants' reliance on the Portal-to-Portal Act and *Busk* is misplaced.

---

[1] The Portal-to-Portal Act was implemented in response to *Anderson v. Mt. Clemens Pottery*, 328 US 680 (1946) which held multiple types of preliminary and postliminary work to be compensable.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

The Portal-to-Portal Act is a one step analysis. If an activity falls within the Act, then the time is not compensable. 29 USC 254.[2] That was the exact analysis that resulted in the decision in *Busk*. 135 S.Ct. 518. By holding that time spent in security screenings was not a "principal activity" for which the employee is employed, there was no option but to conclude that the time was not compensable. *Id.* This is because the Portal-to-Portal Act is designed to exclude time that would be otherwise compensable. Had Plaintiff filed her claims under the FLSA, then the time required in security screening be subject to the decision *in Busk* holding the time is uncompensable because it is not "integral and indispensable [as] part of a principal activity."

Here, Plaintiff's claims are under Oregon State law and the Portal-to-Portal Act does not apply. Oregon has not adopted, the Portal-to-Portal Act. See, *Margulies v. Tri-Met,* 3:13-cv-00475 (D OR 7/2/2015), at *15 ("(3) Oregon has no statutory equivalent of the Portal to Portal Act"). Instead, Oregon wage and hour statutes are written to include time that must be compensated. Oregon law states:

_____

[2]   29 USC 254(a) states:

> **Activities not compensable** Except as provided in subsection (b), no employer shall be subject to any liability or punishment under the Fair Labor Standards Act of 1938 * * * for or on account of any of the following activities of such employee engaged in on or after May 14, 1947
> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**Preparatory and Concluding Activities**
(1) Preparatory and concluding activities **are considered hours worked** if the activities performed by the employee are an integral and indispensable part of a principal activity for which the employee is employed:

(a) Example: A bank teller counts the till and arranges the work space in preparation for receiving customers. This activity is an integral and indispensable part of the principal activity for which the employee is employed and is included as hours worked;

(b) Example: In connection with the operation of a lathe, the lathe operator oils, greases, or cleans the machine or installs a new cutting tool. Such activities are an integral and indispensable part of a principal activity and are included as hours worked;

(c) Example: Agricultural workers must dress in protective clothing and thoroughly clean up after their work with or around pesticides. The time spent in these activities is work time.

OAR 839-020-0043(1) (emphasis added).[3]

Therefore, unlike the FLSA, once the time in question is not integral to the principal activities, the Court's analysis continues under Oregon's unique definitions of "hours worked" and "work time" to Plaintiff's claims. OAR 839-020-0004(19) and ORS 653.010(11). It is this difference between the Portal-to-Portal Act and Oregon law that must result in denial of Defendants' motion.

Oregon's requirements for statutory construction defeat Defendants' attempts to utilize the Portal-to-Portal Act. *State v. Gaines*, 346 Or 160, 171-172 (2003), *citing PGE v. BOLI*, 317

---

[3] "Administrative rules and regulations are to be regarded as legislative enactments having the same effect as if enacted by the legislature as part of the original statute." *Bronson v. Moonen*, 270 Or 469, 476 (1974).

**Schuck Law, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

Or 606, 610-612 (1993).[4]  Because Oregon's regulation on preparatory and concluding activities

only dictates what must be compensated if the time is integral to the principle activities.  OAR

839-020-0043.  Unlike the Portal-to-Portal Act, Oregon's regulation does not end the inquiry.

Instead, this Court must apply Oregon's definitions of "work time" and "hours worked" to

determine whether the security screening time is compensable.  ORS 653.010(11) and OAR 839-

020-0004(19).  That distinction is critical to applying Oregon law to time required waiting for

and in security screenings is compensable.

Oregon and the FLSA also diverge on what all is included in "work time".  Oregon

expressly defines "work time" to "include[] both time worked and time of authorized

attendance."  ORS 653.010(11).  The FLSA does not separately define work time.  For purposes

of the FLSA, the definition of "work" has been developed by the courts.  The Court in *Alvarez v.*

*IBP, Inc.*, noted that "'Work,' * * * is 'physical or mental exertion (whether burdensome or not)

controlled or required by the employer and pursued necessarily and primarily for the benefit of

the employer.'" 339 F3d 894 (9th Cir. 2003), *citing Tenn. Coal, Iron & R. Co. v. Muscoda Local*

*No. 123*, 321 U.S. 590, 598 (1944).

---

[4]   In interpreting Oregon statutes and regulations, the Court is "to ascertain and declare what is,
in terms or in substance, contained therein, not to insert what has been omitted, or to omit what
has been inserted."  ORS 174.010.  "In construing an administrative rule, we apply the same
analytical framework made applicable to the construction of statutes by *PGE v. BOLI*, 317 Or
606 (1993)."  *Concrete Cutting Co. v. Clevenger*, 191 Or App 157, 161 (2003).

*Powell's Books Inc. v. Kroger,* 622 F3d 1202, 1209 (9th Cir 2010) ("A federal court interpreting
Oregon law should 'interpret the law as would the [Oregon] Supreme Court.'")

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

By including "time of authorized attendance" Oregon's definition of "work time" is intentionally much broader than the FSLA. The definition of "authorize" is "to endorse, empower, justify, or permit ***."[5] Neither Oregon Legislature nor BOLI have created any statute or regulation like the Portal-to-Portal Act which relieves employers from "time of authorized attendance" that must be compensated. Defendants' argument requires this Court to insert restriction to liability for "work time" not specifically contained in any Oregon State statute or regulation.

Oregon defines "hours worked" as:

> all hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place and all time the employee is suffered or permitted to work. "Hours worked" includes "work time" as defined in ORS 653.010(11).

OAR 839-020-0004(19). Reading "authorized attendance" of ORS 653.010(11) with the "hours worked" definition leads to only one conclusion − the time Defendants require employees to spend going through security screenings on its premises is compensable under Oregon law.

**B.     Case law shows differences between Oregon law and the FLSA**

The Oregon Court of Appeals in *Migis v. AutoZone, Inc.* is the only controlling authority ever to address the language "authorized attendance" under ORS 653.010(11) with OAR 839-020-0004(19). 282 Or App 774, 787 (2016) *ad'hd on recon* 286 Or App 357, *rev den* 362 Or 300 (2017), *quoting* OAR 839-020-0004(19) (stating same; emphasis added). In *Migis,* a class

---

[5] https://www.merriam-webster.com/dictionary/authorize. Found September 9, 2019.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

action, the plaintiff alleged that they were owed wages for off-the-clock time spent "between disarming the alarm at a store's entrance and clocking in . . . between clocking out and setting the alarm, and . . . traveling between defendant's stores to deliver parts or work another shift." *Id* at 778. The jury found in favor of the plaintiff and class members in awarding substantial damages.

On appeal, the defendant challenged class certification on grounds that, *inter alia,* the plaintiff and class members spent part of the disputed time on "personal tasks, such as putting on a coat, stowing lunches, or using the bathroom." *Id.* at 787. Applying ORS 653.010's definition of "work time" as including "time of authorized attendance," the *Migis* court held:

> Defendant has not provided the legal basis for why a "personal task" such as putting away a coat or using the bathroom is time that is not compensable. Under the wage and hour statutes, "work time" includes "both time worked and time of authorized attendance." ORS 653.010(11). "*Hours worked*" means "all hours for which an employee is employed by and required to give to the employer and *includes all time during which an employee is necessarily required to be on the employer's premises*, on duty or at a prescribed work place and all time the employee is suffered or permitted to work. 'Hours worked' includes 'work time as defined in ORS 653.010(11)." OAR 839-020-0004(19). *Plaintiff's off-the-clock claim is that employees were required to be on defendant's premises before they were able to clock in and after they clocked out*. Defendant fails to develop an argument that, under Oregon's wage and hour laws, time spent on "personal tasks" *during the time an employee is required to be on his or her employer's premises* is time that is not compensable. Accordingly, we reject defendant's contention that whether an employee spent time on personal tasks during the opening and closing of stores is an individualized and material fact that predominates over common issues of fact.

---

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

*Migis* at 787-788 (emphases added).

Here, like in *Migis*, "[p]laintiff's off-the-clock claim is that employees were required to be on defendant's premises *** after they clocked out." *Migis* at 787; *compare* Compl. ¶¶ 23-42. The Oregon Court of Appeals held that this is a cognizable claim under Oregon wage and hour laws. *Id.*

Here, Defendant argues that case law suggests that Oregon law should be interpreted in the same manner as the FLSA. However, Defendants' contention is far too broad. While Oregon's definition of "employ" is patterned after the FLSA, Oregon's definition of "work time" was not. Oregon intentionally expanded "work time" to "include[] *both* time worked and *time of authorized attendance*." ORS 653.010(11) (emphasis added). The cases cited by Defendant do not address "time of authorized attendance." They do address employ and work. Even the application of employ and work from these cases support Plaintiff's position that Oregon wage laws differ from the FLSA.

For example, in *Dincola v. State Dept. Rev.,* 246 Or App 526 (2011), *cited at* Def. Mtn. pg. 8, this Court already found that Oregon's law mimics the FLSA and is patterned on FLSA law that *pre-dates* the Portal-to-Portal Act. In *Margulies v. Tri-Met,* 3:13-cv-00475 (D OR 7/2/2015), at *15, the court also cited *Dincola* for the proposition that Oregon's wage-and-hour law is patterned on the FLSA as enacted and applied *prior* to the Portal-to-Portal Act.

In *Margulies,* a class action decided *after* the US Supreme Court's decision in *Busk, supra,* 574 U.S. 27 (2014), the plaintiff alleged the employer failed to pay for non-commute

_____

**Schuck Law, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

travel time, schedule differentials, and meetings and exams. The court distinguished between

Oregon's definition of work time and the definition currently applied under the FLSA. Relying

on *Leonard v. Arrow-Tualatin Inc.*, 76 Or App 120, 124 (1985),[6] the court concluded that

Oregon, well after the enactment of the federal Portal-to-Portal Act, continued to model its

definition of "work time" on the *pre*-Portal-to-Portal case *Tennessee Coal Iron & R. Co. v.

Muscoda Local No. 123*, 321 US 590 (1944).

The *Margulies* court, without specifically addressing the separate "authorized

attendance" standard, noted four critical distinctions between federal and Oregon state wage law:

> I take particular note of four important facts: (1) th[e] definition [in
> *Tennessee Coal, supra,* cited with approval in *Leonard, supra*] was offered
> by the Supreme Court prior to the passage of the Portal to Portal Act, which
> significantly narrowed the applicable definition of the word 'work' under
> the FLSA; (2) the relevant Oregon statutory framework is itself derived
> from the FLSA as enacted prior to modification by Portal to Portal Act
> [*citing Dincola, supra*]; (3) Oregon has no statutory equivalent of the Portal
> to Portal Act; and (4) the Oregon Court of Appeals referred to and
> emphasized this definition in 1985, well after the FLSA was modified by the
> Portal to Portal Act. For these reasons, I find the definition of 'work' first
> articulated in *Tennessee Coal* and subsequently adopted in *Leonard*
> applicable to ORS 653.268.[7]

---

[6] *Leonard* addressed the definition of "employ" as to "suffer or permit to work * * *." *Id.* at n3.
It did not specifically address the "time of authorized attendance" standard under ORS
653.010(11). It did not need to address "time of authorized attendance" because the Court
answered the question of whether an employee can work when he had been specifically told not
to perform the tasks or work the time for which he sought to claim compensation. *Id.* at 124.

[7] ORS 653.268 addresses overtime for state and municipal employees and is part of the same
statutory framework as ORS 653.010 and ORS 653.045, two of the statutes presently at issue
(Compl. ¶¶ 80 & 96; Def. Mtn. pgs 9-10) and the related wage chapter at ORS ch. 652 (Compl.
¶¶ 59, 77, 80, 83-85, 87-88, & 108-111; Def. Mtn. pgs 5, 9, 20, & 21).

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

*Margulies* at *15-16. The *Margulies* court then, correctly, analyzed the plaintiffs' state and federal claims separately, applying a state-law analysis to Oregon-law claims and an FLSA analysis to federal-law claims.

In *Northwest Advancement v. BOLI,* on which Defendant also seeks to rely, states only that federal case law interpreting the terms "suffer and permit" and "employer" are instructive insofar as those same terms appear in ORS ch. 653. 96 Or App 133, *rev den* 308 Or 315, 136-37 (1989), *cert den* 495 US 932 (1990). In *Cejas v. Torres-Lizama,* also relied upon by Defendant, the Court of Appeals held that insofar as ORS ch. 653 "adopt[s] the FLSA's definition of 'employ' . . . the leading United States Supreme Court case interpreting the definition of 'employ' under the FLSA [at the time Oregon adopted the term] was, and had been for many years, *Rutherford Food Corp. v. McComb,* 331 US 722 (1947)." 260 Or App 87, 97 (2013). Notably, *Rutherford* – which was decided in the same year that the Portal-to-Portal Act was enacted – makes no reference to that Act and applies the FLSA as it existed prior to that Act just like *Leonard, supra* and *Margulies, supra*.

Likewise, *Nkrumah v. City of Portland*, 261 Or App 365, 381 (2014), *cited at* Def. Mtn. pg. 8, does not help Defendant. The *Nkrumah* court, despite the fact that ORS 653.010(2)'s definition of "employ" was patterned after the FLSA, relied upon the "volunteer" exception for public employer. Id. at 380. The important takeaway from *Nkrumah* is that where Oregon statutes differ from the FLSA, Oregon's statutes must be followed. *PGE v. BOLI*, 317 Or 606,

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

610-612 (1993).[8]  Here, ORS 653.010(11) adds the phrase "authorized attendance" to the

definition of "work time" and federal cases cannot "inform" how this Court should interpret it

because it is not part of the FLSA statutory scheme.

Hurst v First Student Inc., 181 FSupp3d 827 (D OR 2016), *cited at* Def. Mtn. pg. 8,

simply cites *Cejas* for the proposition that the phrase "suffer and permit" as used in Oregon wage

law is a term of art to which FLSA law is relevant.  *Id.* at 836.  Likewise, *Arthur v. Murphy Co.*,

10-3142, 2013 WL 12314684 (D OR 12/20/2013), *cited at* Def. Mtn. pg. 8, states only that

Oregon's adoption of a "term of art" implies intent to impute the specialized meaning of such

terms.  The *Arthur* court applied Oregon's regulations and case law to find that Oregon defines

"work" as set out in *Leonard, supra* and in *Tennessee Coal, supra* – cases which do not adopt the

narrower definition of "work" put forth under the Portal-to-Portal Act.  *Arthur* at *7; *and see*

*Margulies, supra* at *15-16 (making same distinctions between Oregon and federal wage laws).

Finally, *Davis v. Laurel Medical Services Corp.*, 3:16-cv-1973 2018 WL 2105374 (D OR

5/7/2018), *cited at* Def. Mtn. pg. 8, just addresses pleading standards for wage claims and does

not assist this Court's analysis.

---

[8] S*ee also Shea v. Chicago Pneumatic Tool Co.*, 164 Or App 198, 206 (1999) (Interpreting ORCP
32 the Court held "decisions of the United States Supreme Court that predate the adoption of an
Oregon rule "inform us" as to the intended effect of the Oregon rule. Federal court decisions
published after the adoption of an Oregon rule have no such effect.).

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**C.     Exertion is not a requirement of "work time"**

Defendants argue that time spent passing through security screening requires no exertion and thus cannot be counted as "work time."  As discussed above, this completely ignores that Oregon's definition of "work time" includes "time of authorized attendance."  Nothing in the phrase "authorized attendance" signifies an exertion requirement.  "Attendance" is defined as

> "the act or fact of attending something or someone
> // a physician in attendance
> // Attendance at the meeting is mandatory."[9]

Nothing in the definition of "attendance" signifies exertion.  Instead, the definition of "attendance" relies upon the employer having given permission to be on location.  Critically, Oregon's definition of "hours worked" to include "all time during which an employee is necessarily required to be on the employer's premises" further emphasizes that "exertion" is not required for time to be compensable.  Plaintiff alleges that Defendants "required" employees' attendance for time waiting for and going through the security screening process.  Comp. ¶¶ 23-25.

Defendants argue that the federal definition of "work" should apply.  Doc. 16 p. 22.  The definition they use is ""physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business."  *Id.*, *citing Tennessee Coal, supra*.  The Oregon Court of Appeals has already rejected Defendants' argument in *Migis v. AutoZone, Inc.*, 282 Or App 357 (2017).

---

[9] https://www.merriam-webster.com/dictionary/attendance .  Found September 10, 2019.

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

In *Migis*, the employer argued that employee time on personal tasks such as using the restroom, putting away their coats, and other non-work activities, was not compensable under Oregon law. 282 Or App at 787. The Court rejected these arguments holding that time spent on these tasks were "authorized attendance" under "work time" and were compensable. *Id.* at 787.

Even under the FLSA, the Supreme Court clarified that exertion was not required for work time. 29 CFR 785.7 *citing Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift*, 323 U.S. 134 (1944). Here, Defendants required the employees to provide their time to the employer to protect the employer's property from theft.

As discussed above, any reliance on the FLSA by Oregon in enacting its wage statutes was prior to the Portal-to-Portal Act. No case cited by Defendants finds that Oregon adopted both the FLSA and Portal-to-Portal Act together. Doc. 16 n3. Notably, in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), the Court found that walking time and all time required to be on employer premises to be covered by the definition of "work time," and thus compensable. Instead, Oregon adopted a singularly unique definition of "work time" making no mention of the Portal-to-Portal Act. Neither has Oregon created a regulation which restricts what a court may count as work time. Because Oregon created a unique definition of "work time," and failed to implement its own version of the Portal-to-Portal Act, Plaintiff's Oregon State wage claims are cognizable and Defendants' judgment on the pleadings should be denied.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**D.       Derivative nature of Plaintiff's late pay claim**

Plaintiff alleges two types of late payment of final wages claims.  First, is independent of any unpaid wages.  *See e.g.* Comp. ¶¶ 48, 88, 91, 95-105.  Defendants do not move against the individual claim.  For class members, Plaintiff does not dispute it is alleged to be derivative of the unpaid wages claim.

**E.       Plaintiff's meal period claim does not fail**

"Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."  *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015), *quoting Chavez v. United States*, 683 F3d 1102, 1108 (9th Cir. 2012).  Plaintiff alleges an unpaid wages claim under ORS 652.120 and ORS 652.140 because Defendant did not pay employees the full 30 minutes of wages as required by OAR 839-020-0050(2) when they took a less than 30-minute meal period.  Plaintiff further alleges that because the unpaid wages were not paid at termination, Plaintiff is entitled to penalty wages under ORS 652.150.

For the purpose of this motion, the Court must take Plaintiff's allegations as true.  Contrary to Defendants' argument, Plaintiff alleges Defendants *required* employees to go through a security process to leave and return for their meal periods.  Complaint ¶ 25 (emphasis added); see also Complaint ¶ 36.  Plaintiff further alleges that Plaintiff and class members

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

clocked out for meal periods, and were required to go through a security screening off-the-clock,

causing a less than 30-minute meal period:

- Defendants required Plaintiff and class members to punch in at the beginning of their shifts to be on the clock and punch out at the end of their work period to be off the clock.  Complaint ¶ 30.
- Generally, employees were paid for the time they were punched into and "on-the-clock."  Id. at 31.
- Generally, when an employee is punched out, they are off-the-clock, and are not being paid.  Id. at 32.

- Defendants required and authorized Plaintiffs and class members to remain on the premises while clocked out in order to pass through Defendants' security screenings. Id. at 33
- Defendants required and authorized Plaintiffs and class members to remain on the premises while clocked out until security personnel were available to conduct employee security screenings. Id. at 34.
- Defendants required and authorized Plaintiff and class members to remain on the premises while clocked out in order to conduct security screenings, which included bag "checks" and x-ray screenings.  Id. at 35.
- Defendants required the security screenings and bag screenings as a loss prevention practice to avoid theft of products.  Id. at 36.
- Security screenings are for Defendants' benefit.  Id. at 37.
- Prevention of theft is part of all employees' job duties.  Id. at 38.
- Plaintiff estimates that she and class members would be required to stay on Defendants' premises for approximately 2 to 15 minutes per shift for security screenings.  Id. at 39.
- Defendants did not make any adjustment in their timekeeping system to account for additional work time Plaintiffs and class members incurred waiting to complete security screenings.  Id. at 40.

Based on the allegations in the Complaint, Plaintiff stated a plausible claim for relief for unpaid

wages because Defendants failed to provide a meal period under OAR 839-020-0050(2) due to

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

their required security screening, and the pleadings are sufficient to apprise Defendants of the claim in the case. *See Ashcroft v. Iqbal*, 556 US 662, 679, 129 S. Ct. 1937, 1950 (2009).

Further, Defendants incorrectly state that their "sole meal break obligation under Oregon law is to 'provide' an uninterrupted 30-minute meal break during which associates are relieved of all duties." Doc. 16 at 20. The text, context, and legislative history of the rule does not require that an employer merely "offer," make available, or simply provide the required 30-minute meal period; the onus is on the employer, not the employee, to ensure that the full meal period is received or the employer must pay wages for the short meal period.[10] The text and context of OAR 839-020-0050 does not permit an employer to render its payment obligations contingent upon any other circumstance not already enumerated in the rule. It is the employer, not the employee, who is responsible for the employee receiving a meal period for the full duration.

Defendants' argument that it only needs to "provide" a meal period is at odds with the express terms of the rule, which provide, in relevant part:

> (2)(a) Except as otherwise provided in this rule, every employer shall provide to each employee, for each work period of not less than six or more than eight hours, a meal period of not less than 30 continuous minutes during which the employee is relieved of all duties.

---

[10] Notably, the requirements of Oregon's meal periods rule and employer obligations are currently pending with the Oregon Court of Appeals in *Maza et al v. Waterford, et al*, Oregon CoA case no. A165030 (argued and submitted on Dec. 10, 2018).

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

(b) Except as otherwise provided in this rule, if an employee is not relieved of all duties for 30 continuous minutes during the meal period, the employer must pay the employee for the entire 30-minute meal period.

***

OAR 839-020-0050 (2). BOLI promulgated the meal period rule to set minimum meal period requirements "for the preservation of the health of employees." OAR 839-020-0050 (1).[11] As the employer, Defendants must "exercise control and see that the work is not performed if it does not want the work to be performed. The mere promulgation of a policy against such work is not enough." OAR 839-020-0040(4). Under those express terms, the employer must not only provide the full 30-minute meal period, it must ensure that the employee is relieved of all duties for that 30-minute meal period.

Defendants' "provide" argument is further antithetical to the express purpose of the meal period rule: "to prescribe minimum meal periods and rest periods for the preservation of the health of employees." OAR 839-020-0050 (1). By requiring payment for short meal periods under OAR 839-020-0500(2)(b), then, the purpose of the rule is remedial in nature. It is long-established in Oregon that remedial statutes are to be construed liberally to effectuate the purposes for which they were enacted. *See, e.g., Stanley v. Smith*, 15 Or 505, 510 (1887), *see also Lamy v. Jack Jarvis & Company, Inc.*, 281 Or 307, 313 (1978). That liberal construction necessarily puts the burden on the employer, not the employee, to ensure and enforce the

---

[11] As a validly promulgated administrative rule, has the force of law. *Bronson v. Moonen*, 270 Or 469, 476 (1974); *Clausing v. K-Mart Corp.*, 144 Or App 552, 554 (1996).

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

required "30 continuous minutes during which the employee is relieved of all duties." OAR 839-020-0050 (2)(a).

Further, related rules provide context for interpreting OAR 839-020-0050. For example, OAR 839-020-0040 defines "hours worked" and provides that "[i]t is the duty of the employer to exercise control and see that the work is not performed if it does not want the work to be performed. The mere promulgation of a policy against such work is not enough." OAR 839-020-0040. Additionally, OAR 839-020-0040 (2) includes in its definition of compensable "work time" both work that is "requested or required," and "work not requested, but suffered or permitted." Subsection (3) to that rule further provides that "[i]f the employer knows or has reason to believe that work is being performed, the time spent must be counted as hours worked." OAR 839-020-0040 (3).

Taken in context, then, the employer must do more under OAR 839-020- 0050 than simply "provide" an opportunity to take a 30-minute meal period to its employees. It must ensure that the employee receives that full meal period or compensate the employee for any shortened meal-periods pursuant to subsection (2)(b). Plaintiff pled a claim for unpaid wages because Defendants failed to pay wages to its employee due to shortened meal periods. Defendants' motion should be denied.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

1.      **BOLI places the burden on the employer**

BOLI's interpretation of the rule bolsters Plaintiff's arguments regarding the text,

context, and legislative history of OAR 839-020-0050.  *See, e.g., Don't Waste Oregon Com. v.*

*Energy Facility Siting Counsel*, 320 Or 132, 142 (1994) *citing* ORS 183.482(8)(a) (courts cannot

overrule agency's interpretation of its own rule unless agency's plausible interpretation is shown

to be inconsistent with wording of the rule, its context, or other source of law); *Siporen v. City of*

*Medford*, 349 Or 247, 257-58 (2010) (when governing body is responsible for enacting

ordinance, it may be assumed to have better understanding than LUBA or the courts of its

intended meaning).

Effective June 1, 2010, BOLI clarified the employer's obligations under OAR 839-020-

0050(2)(a) and (b):

> Unless as otherwise provided in the Rule, OAR 839-020-0050(2)(a) requires employers
> to provide meal periods of at least 30 continuous minutes to employees[.] * * * [I]f the
> employee does not receive a meal period of at least 30 continuous minutes of time in
> which the employee is completely relieved of all duties, then the employer must pay the
> employee for the entire 30 minutes of time.

Schuck Decl. Ex. 3 - Hammond Decl. ¶¶ 2-3.  In other words, the emphasis is on the employee

receiving the full 30-minute meal periods, not merely being offered the opportunity to take one.

BOLI further elaborated on the operation and enforcement of the meal period rule:

---

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

If the employee begins a meal period of unpaid time by clocking out at 1:00 pm, but then clocks back in to work (and resumes being paid at an hourly rate) at 1:20 pm, then unless a specification in Section (3) of the OAR is shown the employer must pay wages to the employee for the 20 minutes spent clocked out for that short meal period.

Id. at ¶ 4. BOLI explained that the payment requirement applies whether the meal period is 15 minutes or 25 minutes, unless the employer satisfies one of the exceptions set forth in OAR 839-020-0050(3), none of which are at issue here.  Id.  Indeed, when enforcing the rule, BOLI imposes fines on the employer even when meal-periods are shortened by less than five minutes. See, e.g. Id. at Ex. 1  (10/23/2017 BOLI Order) (Imposing fines on Legacy Emanuel Hospital for willful violations of meal period rule for breaks 27-29 minutes long).

BOLI's interpretation and prescribed application of the meal period rule is consistent with the historical purpose for promulgating the rule.  In the 1971 hearings on amendments to the rule, the Oregon Financial Affairs Committee deemed just as applicable to the meal period rule the public policy of Oregon workers' protection in other rules governing, for example, the maximum number of work hours in a workday, the maximum amount of weight-lifting on-the-job, and the requirements of sanitation in the workplace.  Id. at Ex. 4 (SB 526, May 19, 1971). Nellie Fox testified that the meal period rule was intended to address employer abuses:

> There have been employers who have urged their employees to clock out and then return to the selling area to make up this selling cost to the company, and there have been managers who would use this as a disciplinary action.

Id.

---

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

For the historic purpose and intent of regulations protecting Oregon workers to be fulfilled, including the enforcement of meal periods, employees must actually receive the full meal period relieved of all duties and, if they do not, their employers are required to make the payments expressly mandated in OAR 839-020-0050 (2)(b).

## 2.      The Court should not rely on *Weir*

Defendants relies on *Weir v. Joly*, case no. 10-CV-898-HZ, 2011 WL 6778764 (D Or 12/23/2011) to support its proposition that it need only "provide" a meal period opportunity. Significantly, the court in *Weir* was not provided with BOLI's testimony through Ms. Hammond nor did it consider BOLI's application of OAR 839-020-0050, or OAR 839-020-0040.

The *Weir* court did not conduct a statutory analysis under *PGE v. BOLI, supra* and *State v. Gaines, supra*. 2011 WL 6778764. Employees cannot voluntarily return to work and waive a meal period absent satisfying the specific exceptions in OAR 839-020-0050. ORS 653.010(2) (defining employ). *Weir* failed to acknowledge, discuss, or address the employer's burden in satisfying Oregon's meal period rule exceptions or the specific work time policing requirements placed on Oregon employers by OAR 839-020-0040. *Id.*

Additionally, in *Burk v. Autozone, Inc.*, Multnomah County no 1005-06771 (2012) the trial court took the analysis further. The court considered the meal period rule both before and after being amended in 2010. Schuck Decl. Ex. 2. Under the earlier version of the rule, the court determined:

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

The plain language of the regulation contemplates two obvious alternatives: (a) The employee receives a meal period of at least 30 continuous minutes, during which s/he is relieved of all duties and is not paid; or (b) if the employer makes the required showing under section (3) of the rule and provides the appropriate notice, the employer need not provide a meal period but must provide adequate periods in which to rest, consume a meal, and use the restroom, and the employee is paid for these periods. Outside of these two circumstances, the former regulation does not offer clear guidance.

Id.

In contrast, the court observed that the 2010 regulation, applicable here, provided better guidance by expressly adding the terms: "*[I]f an employee is not relieved of all duties* for 30 continuous minutes during the meal period, *the employer must pay* the employee for the entire 30-minute meal period." OAR 839-020-0050(2)(b) (emphasis added). Accordingly, the trial court correctly concluded:

[T]he current version of OAR 839-020-0050 creates a substantive obligation on employers that previous versions of the regulation did not. * * * From its effective date of June 1, 2010 to the present, the employer's obligation to pay wages to its employees if an employee's 30-minute meal-period is interrupted is clear. *Unless the employer proves that an exception in section (3) applies, the employer must pay the employee for the entire 30-minute meal period if the employee is not relieved of all of his/her duties for 30 continuous minutes during the meal period.*

Id. at 14 (emphasis added). Because that defendant made no effort to prove that an exception under OAR 839-020-0050 applied, as is true here based on Defendants' Answer, the court denied defendant's summary judgment motion. Id. at 15.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

The analysis of both trial courts was correct and should equally apply here. Under the express terms of the regulation, an employer must do more than simply provide or make available an opportunity to take a 30-minute meal period. The employer must establish that an exception applies under subsection (3) of the rule or pay for the entire meal period when the period is shortened. The employer is not permitted to do nothing, as Defendants did here, when employees receive shortened meal periods. Plaintiff plead a claim for unpaid wages due to shortened meal periods.

3.    **Leave to amend complaint**

Federal Rules of Civil Procedure 15(a) provides that the trial court "should freely give leave [to amend] when justice so requires." "The Supreme Court has stated that 'this mandate is to be heeded.'" *Lopez v. Smith*, 203 F3d 1122, 1130 (9th Cir. 2000), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). Further, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), *citing Cook, Perkiss & Liehe v. N. Cal. Collection Service,* 911 F.2d 242, 247 (9th Cir. 1990). Here, if the Court determines that Plaintiff failed to plead a plausible claim for unpaid wages due to Plaintiff and class members receiving less than 30 minute meal periods, Plaintiff requests the Court allow Plaintiff to amend the complaint to include facts supporting Plaintiff's claim.

_____

**SCHUCK LAW, LLC**
208 E 25th Street • Vancouver, WA 98663
Tel (360) 566-9243 • Fax (503) 575-2763

**F.      BOLI**

Plaintiff has been informed that BOLI likely will supply its position for the Court.  Once done, Plaintiff will request supplemental briefing regarding BOLI's position.

### Conclusion

Oregon chose not to adopt the Portal-to-Portal Act and further chose to amend the definitions of "work time" and "hours worked" to include "time of authorized attendance." These changes from federal law necessitate a finding that Plaintiff has brought a cognizable claim and that Defendants' motion for judgment on the pleadings be denied.


DATED: September 11, 2019September 11, 2019.


Schuck Law, LLC


    /s/ David A. Schuck
DAVID A. SCHUCK, Esquire
OSB  993564, WSB  37285
(360) 566-9243
Of Attorneys for Plaintiff