**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSEY BUERO, Individually and on behalf of all similarly situated,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>AMAZON.COM SERVICES, INC., DBA Amazon Fulfillment Services, Inc., a foreign corporation; AMAZON.COM, INC., a foreign corporation,<br>*Defendants-Appellees*. | No. 20-35633<br><br>D.C. No.<br>3:19-cv-00974-MO<br><br>ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF OREGON |

Filed December 22, 2021

Before: Susan P. Graber and Morgan Christen, Circuit Judges, and Raner C. Collins,[*] District Judge.

Order

---

[*] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

## SUMMARY[**]

**Oregon Law**

The panel certified to the Supreme Court of Oregon the following question:

> Under Oregon law, is time that employees spend on the employer's premises waiting for and undergoing mandatory security screenings compensable?

**COUNSEL**

Lisa T. Hunt, Law Office of Lisa T. Hunt LLC, Lake Oswego, Oregon; David A. Schuck, Schuck Law LLC, Vancouver, Washington; for Plaintiff-Appellant.

Michael E. Kenneally and David B. Salmons, Morgan Lewis Bockius LLP, Washington, D.C.; Richard G. Rosenblatt, Morgan Lewis & Bockius LLP, Princeton, New Jersey; for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Plaintiff Lindsey Buero filed a class action complaint against Amazon.com Services, Inc. and Amazon.com, Inc., alleging that Defendants' failure to compensate employees for time spent waiting for and passing through mandatory security screenings violates Oregon's wage and hour laws. The district court granted Defendants' motion for judgment on the pleadings, concluding that Oregon wage and hour law incorporates the standard set forth in the Portal-to-Portal Act, 29 U.S.C. § 254. Plaintiff appealed the district court's order.

We respectfully ask the Oregon Supreme Court to answer the certified question presented below pursuant to section 28.200 of the Oregon Revised Statutes, because we have concluded that it raises an important, dispositive question of state law: whether time employees spend at an employer's premises waiting for and undergoing mandatory security screening is compensable under Oregon law.[1] *See W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp.*, 811 P.2d 627 (Or. 1991). We offer the following statement of relevant facts and explanation of the "nature of the controversy in which the question[ ] arose." Or. Rev. Stat. § 28.210(2) (2005).

**I. Facts**

Defendants Amazon.com Services, Inc. and Amazon.com, Inc. constitute a major multinational technology and retail operation focusing on e-commerce and cloud computing. Defendants require their employees to go through a security screening at the end of each shift and before exiting for

---

[1] Appellant's motion for certification (Dkt. #6) is **GRANTED**.

4        BUERO V. AMAZON.COM SERVICES

offsite meal breaks. The employees must "punch out" before going through the security screening, and they are not paid for the time spent waiting for and going through the security screening, which can include bag checks and x-rays of personal belongings. Defendants require these screenings as a loss-prevention practice to avoid theft of products. Plaintiff alleges the required security screenings take anywhere from two to fifteen minutes per shift and that Defendants did not make any adjustment in their timekeeping system to account for the time it takes to complete security screenings.

Plaintiff Lindsey Buero filed this action on May 22, 2019, alleging an individual claim for unpaid wages and penalty wages. The penalty wage claim is for the untimely final payment of wages following the end of Buero's employment on December 22, 2018. Plaintiff further alleges class claims for two putative classes: (1) plaintiffs claiming unpaid wages that accrued during their term of employment (i.e. the "unpaid-wages class") pursuant to sections 652.120 and 653.010 of the Oregon Revised Statutes; and (2) plaintiffs claiming untimely final pay upon termination of their employment (i.e., the "late-payment class") pursuant to section 652.140 of the Oregon Revised Statutes. For both the individual and class claims arising from the late payment of final wages in violation of section 652.140, Plaintiff additionally seeks penalty wages under section 652.150 and mandatory attorney fees and cost reimbursement under section 652.200 of the Oregon Revised Statutes.

Defendants filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure on all claims except Plaintiff's individual late-payment claim. Defendants argued that Oregon has incorporated the Portal-to-Portal Act amendments to the Fair Labor Standards Act ("FLSA") and that the Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27 (2014), defeats Plaintiff's state-law claims. In *Busk*, the Supreme Court held that employees' time spent passing through security screenings at Amazon.com fulfillment centers was not compensable under the FLSA as amended by the Portal-to-Portal Act. *Id.* at 29. The district court granted Defendants' motion on January 31, 2020, concluding that Oregon wage and hour law tracks federal law and therefore incorporates the standard in the Portal-to-Portal Act. The district court then entered final judgment on the dismissed claims and certified Plaintiff's interlocutory appeal.

## II. Discussion

The key issues in this case are whether: (1) Oregon's wage and hour laws track the FLSA and may be interpreted under federal law; and (2) the Supreme Court's interpretation of the Portal-to-Portal Act, 29 U.S.C. § 254, in *Busk* applies to Plaintiff's claims.

Plaintiff's claims turn on whether time spent undergoing mandatory security screenings before leaving the workplace premises constitutes "hours worked" under Oregon law. The Bureau of Labor and Industries (BOLI) has defined "hours worked" as:

> [A]ll hours for which an employee is employed by and required to give to the employer and includes all time during which an employee is necessarily required to be on

> the employer's premises, on duty or at a prescribed work place and all time the employee is suffered or permitted to work. "Hours worked" includes "work time" as defined in ORS 653.010(11).

OR. ADMIN. R. 839-020-0004(19).

Congress passed the Portal-to-Portal Act in 1947 to exempt employers from FLSA liability for claims based on "activities which are preliminary to or postliminary to" the "performance of the principal activity or activities" that an employee is employed to perform. *Busk*, 547 U.S. at 33 (quoting 29 U.S.C. § 254(a)). The Supreme Court has interpreted the term "principal activities" to include all activities that are an "integral and indispensable part of the principal activities." *Steiner v. Mitchell*, 350 U.S. 247, 252–53 (1956).

Neither party argues that the Oregon legislature has expressly adopted the Portal-to-Portal Act, but Defendants cite an Oregon administrative rule that provides:

> Preparatory and concluding activities are considered hours worked if the activities performed by the employee are an integral and indispensable part of a principal activity for which the employee is employed.

OR. ADMIN. R. 839-020-0043(1).

Plaintiff argues that Oregon's wage and hour laws do not incorporate the FLSA, and that Oregon "sought to distinguish, rather than to adopt," the Portal-to-Portal Act as

evidenced by the following facts: "(1) there is no express textual reference to the Act in Oregon's statutes or rules;" and (2) "the express exclusions from compensability for specified activities under the Act can be found nowhere in Oregon law." Meanwhile, Defendants contend that "Oregon courts have repeatedly noted that the state's wage-and-hour law is 'patterned after' or 'modeled on' its federal counterpart," and that Oregon's regulation defining preparatory and concluding activities, Oregon Admin. R. 839-020-0043, uses the same text as the Supreme Court's language interpreting the Portal-to-Portal Act. According to Defendants, this adoption suggests that Oregon has incorporated the federal scheme.

Pursuant to section 28.200 of the Oregon Revised Statutes, a certified question must be one that "may be determinative of the cause;" and it must appear to the certifying court that there is no controlling precedent in the decisions of the Oregon Supreme Court or the Oregon Court of Appeals. *W. Helicopter Servs., Inc.*, 811 P.2d at 629 (Or. 1991). Both criteria are met here. First, because the Supreme Court has clearly ruled that comparable security screenings are not compensable under the Portal-to-Portal Act, the outcome of this case turns on whether Oregon law follows the federal scheme. Second, the Oregon Supreme Court has not yet addressed whether Oregon has adopted the federal "hours worked" standard. We seek guidance from the Oregon Supreme Court in this instance because it is not clear to us whether the similarities between Or. Admin. R. 839-020-0043 and the Portal-to-Portal Act should be construed as an incorporation of the federal standard.

### III.  Certified Question of Law

We respectfully certify the following question to the Oregon Supreme Court pursuant to section 28.200 of the Oregon Revised Statutes and Oregon Rule of Appellate Procedure 12.20:

Under Oregon law, is time that employees spend on the employer's premises waiting for and undergoing mandatory security screenings compensable?

### IV.  Conclusion

We do not intend our framing of this question to restrict the Oregon Supreme Court's consideration of any issues that it deems relevant.  We have previously acknowledged both the Oregon Supreme Court's ability to "reformulate the relevant state law questions as it perceives them to be in light of the contentions of the parties," and "our obligation to abide by that court's determination of the state law questions presented." *Lombardo v. Warner*, 391 F.3d 1008, 1010 (9th Cir. 2004) (en banc) (citations omitted).  If the Oregon Supreme Court resolves this question, we will resolve the issue in our case according to its answer.

The Clerk of the court is hereby directed to immediately transmit to the Oregon Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to section 28.200 of the Oregon Revised Statutes and Oregon Rule of Appellate Procedure 12.20.

Further proceedings in our court on the certified question are stayed pending the Oregon Supreme Court's decision

whether it will accept review, and if so, our receipt of the answer to the certified question. The Clerk is directed to administratively close this docket, pending further order. The case is withdrawn from submission, in pertinent part, until further order from this court. The panel will resume control and jurisdiction on the certified question upon receiving an answer to the certified question or upon the Oregon Supreme Court's decision to decline to answer the certified question.

**IT IS SO ORDERED.**

/s/ Susan P. Graber
Susan P. Graber, Circuit Judge, Presiding